**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3904-15T2

MEREDITH A. ACCOO,

    Plaintiff-Appellant,

v.

JOSE MIRANDA,

    Defendant-Respondent.

_____

Submitted May 24, 2017 — Decided  August 25, 2017

Before Judges Fuentes and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-0647-14.

Meredith A. Accoo, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this non-dissolution matter,[1] plaintiff (mother) appeals

from the March 30 and 31, 2016 Family Part orders denying her

_____

[1] The non-dissolution or FD docket provides a mechanism for parents not married to each other to seek custody, parenting time,

application to increase child support and modify custody and parenting time for the parties' daughter. The trial judge entered these orders on the parties' written submissions, without oral argument or a plenary hearing. Because the judge is no longer on the bench, we remand this matter to the Presiding Judge of the Family Part for assignment to a different judge for the development of a proper reviewable record.

We discern the following facts from the limited documentary record. The parties were awarded joint legal custody of their daughter, born September 2013, with plaintiff being designated the parent of primary residence. Defendant (father) was granted parenting time on alternate weekends as well as Thursdays on the off weeks. Defendant was responsible for picking up their daughter at the beginning of his parenting time, and plaintiff was responsible for picking up their daughter at defendant's Philadelphia residence on Sundays after the weekend visits. Defendant was also ordered to take their daughter to swimming lessons during his parenting time.

---

paternity, and child support. R.K. v. D.L., 434 N.J. Super. 113, 131 (App. Div. 2014).

On December 22, 2014, plaintiff obtained a final restraining order (FRO) against defendant under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Following a June 10, 2015 hearing on the FD docket, plaintiff's application to limit defendant's parenting time as well as a change of the custody exchange location from Philadelphia to New Jersey were denied without prejudice. However, subject to the FRO, defendant was ordered to provide plaintiff with twenty-four hours advance written notice, either by way of text communication or email, confirming each visitation.

In addition, defendant was ordered to pick up and deliver their daughter to the designated New Jersey location for his Thursday visitation, and allow their daughter's participation in social and extra-curricular activities scheduled during his parenting time subject to plaintiff providing defendant with as much notice as possible on the scheduling of the activities. The order, executed on June 15, 2015, also denied without prejudice plaintiff's application for defendant to contribute to their daughter's daycare expenses because the court had "an insufficient factual and legal basis to award relief at [that] time." However, the court directed both parties to exchange current Case Information Statements (CIS) no later than July 1, 2015.

On September 24, 2015, defendant's application for a reduction in child support due to unemployment was denied without prejudice and enforcement of the child support order was suspended for thirty days.[2] As of that date, defendant's child support arrears totaled $9,175.37. In addition, defendant's application for additional time for discovery was denied without prejudice and defendant was ordered to file an updated CIS.

On May 2, 2016, asserting a "substantial change in circumstances[,]" plaintiff submitted an application to the court seeking: (1) an increase in child support to account for weekly child care expenses; (2) reduction of parenting time to one weekend per month, from 9:00 a.m. to 5:00 p.m. each day with no overnights; (3) modification of transportation arrangement so that all pick up and drop off custody exchanges occur in New Jersey; (4) sole legal and physical custody of their daughter; (5) suspension of the requirement that plaintiff confer with defendant on matters involving their daughter's care and welfare in light of the FRO; (6) enforcement of prior orders; and (7) attorney's fees.

To establish the requisite changed circumstances to justify the relief requested, plaintiff certified that their daughter "has

---

[2] Defendant did not appear for the hearing and indicated "problems with transportation from Philadelphia." Defendant was, however, represented by counsel who appeared telephonically.

grown and is no longer an infant so her needs have changed significantly." According to plaintiff, their daughter was "now in daycare" and participating in extra-curricular activities, including "swimming at Rowan College . . . , [g]olf at Willingboro Recreation and . . . Jack and Jill of America, Inc." Plaintiff averred that defendant failed to follow court orders to ensure her participation in these activities and showed no interest in their daughter's "educational and social development or [her] physical development and health" as evidenced by his neglect of her needs. Plaintiff certified that, since July 2014, defendant missed his court ordered parenting time on thirty-eight occasions.

According to plaintiff, she was "the sole parent . . . fit to make all decisions concerning [their daughter's] health, education, religion and welfare." Plaintiff certified defendant "contribute[d] nothing to [their daughter] financially[,]" was "substantially unable to provide for her care and welfare[,]" and accumulated child support arrears exceeding $12,000. Plaintiff averred that defendant was a convicted felon, was on probation for five years in Pennsylvania, and was subject to an active FRO issued after defendant "threaten[ed] to kill [her] in front of [their daughter,] push[ed] [her] with [their daughter] in [her] arms and repeatedly harass[ed] [her.]" Plaintiff certified that she was "in fear for her life" because defendant was "violent and

inappropriate around [their daughter]" and "has threatened to kill himself."

In response to plaintiff's application, defendant filed a counter-claim on March 24, 2016, requesting a decrease in child support, as a result of a change in employment and a significant decrease in income, enforcement of the custody order and modification of the parenting time schedule.[3] Plaintiff's application and defendant's counter-claim were scheduled to be heard on March 30, 2016. On that date, based solely on the parties' written submissions,[4] the court issued an amended FRO permitting the parties to "communicate via email only, with respect to confirming parenting time only" and addressed child support, custody and visitation in two orders issued under the FD docket,

---

[3] Defendant did not file a timely answering brief and we entered an order on October 28, 2016, suppressing any brief filed on defendant's behalf without leave of court. Because defendant has not filed an answering brief, the record does not contain any submissions filed in the trial court on defendant's behalf in support of his counter-claim.

[4] The record does not contain a transcript of a court proceeding conducted on that date and one of the orders issued by the court specified that the court "reviewed the parties' submissions and for other good cause shown[.]"

a Uniform Summary Support Order[5] dated March 30, 2016 and a handwritten order dated March 31, 2016.

Regarding child support, the court denied plaintiff's application for an increase in child support and instead granted defendant's request for a reduction of child support "due [to] change[d] circumstance pertaining to work related day care[.]"[6] Regarding custody, the court denied plaintiff's request for "sole legal custody[.]"  As to parenting time, plaintiff's request to modify parenting time was denied but defendant's "request for additional make-up parenting time during the summer" was granted. Defendant's request to utilize third parties for custody exchanges was granted, and plaintiff's "request to modify the pick-up and drop-off points" was partially granted.  Plaintiff's request to compel defendant to take their child to her scheduled activities and daycare during his parenting time was granted in part, and denied in part, and plaintiff's request to suspend the requirement to communicate with defendant regarding their child was denied.

---

[5] A Uniform Summary Support Order is a form order needed to utilize the New Jersey Automated Child Support System and automated payment center that is supervised by Probation Services.  R. 5:7-4(b).

[6] Plaintiff's request that a bench warrant be issued for non-payment of child support was denied "due to the pending support enforcement hearing."

The parties were directed to "exchange current CISes as previously ordered by the court no later than April 15, 2016" and plaintiff's "request for counsel fees"[7] was denied.

This appeal followed. On appeal, plaintiff argues that the court denied her requests for relief and "disproportionately granted all requests made by [d]efendant or beneficial to [d]efendant" without oral argument, a plenary hearing, or "consideration of the child's best interests[.]" Further, plaintiff argues that the court failed to issue either written or oral findings of fact and conclusions of law in compliance with Rule 1:7-4(a). We agree.

Family "judges are under a duty to make findings of fact and to state reasons in support of their conclusions." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996); see R. 1:7-4(a). "'Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion.'" Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980). Here, the motion judge failed to make

---

[7] Although plaintiff is proceeding pro se in her appeal, she was represented by counsel at the scheduled March 30, 2016 court appearance.

any findings of fact and conclusions of law as required by Rule 1:7-4(a).  We are thus compelled to remand this matter to the Family Part to develop a reviewable appellate record, which may require the judge to order a period of discovery and, if warranted, conduct a plenary hearing to make factual findings and resolve any disputed material facts.

Remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3904-15T2