**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4209-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ZIA SHAIKH,

    Defendant-Appellant.

_____

        Submitted June 5, 2019 - Decided July 9, 2019

        Before Judges Accurso and Moynihan.

        On appeal from the Superior Court of New Jersey,
        Law Division, Hudson County, Municipal Appeal
        Nos. 14-17 and 21-17.

        Zia Shaikh, appellant pro se.

        Esther Suarez, Hudson County Prosecutor, attorney
        for respondent (Erin M. Campbell, Assistant
        Prosecutor, on the brief).

PER CURIAM

Following a trial in municipal court, defendant Zia Shaikh was convicted of careless driving, N.J.S.A. 39:4-97, and for violating N.J.S.A. 39:4-97.3 by using a cell phone while operating a motor vehicle in Bayonne on the afternoon of March 12, 2017. In a separate matter, he pleaded guilty to a Bayonne parking ticket issued seven months later by paying the $58 ticket online. On defendant's appeal, the Law Division issued an order on April 20, 2018, affirming defendant's conviction for illegal cell phone use, vacating his conviction for careless driving and denying his appeal of the parking ticket, stating defendant's guilty plea for the parking summons could not be withdrawn. Defendant appeals, raising the following issues.

I. THE TRIAL COURT IS IN VIOLATION OF FAIR DECISIONAL PROCESS AND IMPARTIAL DECISION MAKING.

II. NO PROOF OR EVIDENCE OF ANY ALLEGED VIOLATIONS.

III. NO CASE, CRIME OR CAUSE OF ACTION.

IV. NO CORPUS DELECTI.

V. LACK OF JURISDICTION.

VI. THE COMPLAINT IS UNFIT FOR ADJUDICATION.

VII. NO EVIDENCE OF PRESENCE WITHIN
PLAINTIFF AND THAT LAWS APPLY TO
ME.

VIII. COURTS JURISDICTION NOT ENLARGED
BY POLICE AUTHORITY.

Despite our doubts as to the merits of defendant's arguments after having reviewed the municipal court transcript, we are, nevertheless, constrained to vacate defendant's convictions and remand for further proceedings. On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a). The Law Division's "function is to determine the case completely anew on the record made in the Municipal Court." State v. Johnson, 42 N.J. 146, 157 (1964). The Law Division judge must make independent findings of fact and conclusions of law based on the evidentiary record made in municipal court, "giving due, although not necessarily controlling, regard to the opportunity of the [municipal court judge] to judge the credibility of the witnesses." Ibid.

On appeal from the Law Division's decision, the issue is whether there is "sufficient credible evidence present in the record" to uphold the findings made by the Law Division — not the municipal court. Id. at 162. Unfortunately, we have no record of any proceedings in the Law Division beyond the order the Law Division judge issued, which gives us no hint of the

reasons for its entry. <u>Rules</u> 1:7-4 and 3:29 require the court to place on the record, whether written or oral, its findings of fact and conclusions of law supporting entry of an order appealable as of right, as this one was. <u>See</u> <u>State v. Turcotte</u>, 239 N.J. Super. 285, 300 (App. Div. 1990). This record is devoid of any findings whatsoever.

Defendant is, of course, deserving of the reasons for his convictions. Further, without those reasons, our review is entirely frustrated. <u>See</u> <u>Salch v. Salch</u>, 240 N.J. Super. 441, 443 (App. Div. 1990); <u>State v. Singletary</u>, 165 N.J. Super. 421, 426-27 (App. Div. 1979). Accordingly, the only avenue available to us is to vacate defendant's convictions in the Law Division and remand to the judge for findings of fact and conclusions of law on the record made in the municipal court.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4209-17T1