240 N.J. Super. 441 (1990)
573 A.2d 520
ROBERT WILLIAM SALCH, PLAINTIFF-RESPONDENT,
v.
NANCY B. SALCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1990.
Decided May 1, 1990.
*442 Before Judges PRESSLER, LONG and GRUCCIO.
Robert D. Arenstein argued the cause for appellant (Jeffrey Zajac, on the brief).
Sheldon M. Simon, argued the cause for respondent (Catherine I. Enright, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
Plaintiff Robert William Salch and defendant Nancy B. Salch were divorced in March, 1989. The judgment incorporated a property settlement agreement which resolved all of the outstanding financial issues between the parties with the exception of counsel fees, which were reserved for future disposition. In May 1989, defendant moved for counsel fees. Plaintiff defended against the motion and on June 23, 1989, the judge denied the motion for fees. In so doing, he concluded that the fees requested were "extremely reasonable" and resolved the issue of who would bear the fees this way:
It seems that the only rationale for Mrs. Salch asking for Dr. Salch to bear her fees is that he has a greater income on an annual basis than she does. When I look at the equitable distribution that was achieved, it does appear that the parties came away with almost a fifty/fifty split.
I also note that Mrs. Salch received a substantial amount of child support. I think it was, what was it, sixteen hundred dollars a month?
I started out thinking that perhaps the way to resolve this was to assess a sum against Dr. Salch less than the total amount of counsel fees. But when I apply the present law in New Jersey to the facts of this case, I have difficulty in justifying quite frankly an assessment of counsel fees in any amount against Dr. Salch. Granted, I don't think there's any question about it that he does have a greater income on an annual basis.
However, it does appear and I can't say that it's the fault of counsel, that's not what I'm saying, it does for whatever reason appear that the settlement that was proposed was not accepted by Mrs. Salch until  or was not used for a *443 basis for ultimately resolving this matter until an extended period of time had passed.
Taking into consideration all of the circumstances as well as the case law, also taking into consideration the financial resolution that was achieved by the parties as part of the Judgment of Divorce, I do not find that there's any basis for the court to grant the request of Mrs. Salch. And therefore I'm going to deny the request for an award of counsel fees and costs.
But I want the record to reflect very clearly the denial is not based upon the hourly rate of counsel nor the total amount of fee. I think both are very reasonable. It's based solely upon the particular circumstances of this case as well as the case law in New Jersey.
The award of counsel fees in a matrimonial case rests in the sound discretion of the trial judge. R. 4:42-9. Brennan v. Brennan, 187 N.J. Super. 351, 454 A.2d 901 (App.Div. 1982). However, that discretion is not unfettered. In deciding such an application, the standards set forth in our statutes and cases must be addressed by the judge. For example, the motion for fees must establish the applicant's need and the ability of the former spouse to pay. Williams v. Williams, 59 N.J. 229, 233, 281 A.2d 273 (1971). In addition to these financial considerations, the trial judge must take into account the good or bad faith of either party. N.J.S.A. 2A:34-23. The trial judge's rather cryptic opinion in this case addressed none of these issues in any meaningful way and fell far short of his obligation under R. 1:7-4. As we have often said, failure to perform the fact-finding duty "constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 570, 417 A.2d 15 (1980) (citing Kenwood Assocs. v. Bd. of Adj. of Englewood, 141 N.J. Super. 1, 4, 357 A.2d 55 (App.Div. 1976)). Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion. In the absence of reasons, we are left to conjecture as to what the judge may have had in mind.
In defense of the judge, he was a virtual stranger to this case, which was filed in 1987. From 1987 until the divorce was entered in 1989, another trial judge was in charge of the case. He entered the pendente lite order on June 19, 1987; he entered a custody and visitation order on June 29, 1987; he *444 resolved discovery problems in November of 1987; he conferred with the lawyers in October of 1988 and adjourned an ESP appointment in order to give the lawyers an opportunity to explore refinancing of the marital home; he granted the divorce in open court on December 6, 1988 at which time the reservation of counsel fee issue was presumably set forth on the record, and he signed the final judgment on March 3, 1989. It is obvious that he should have resolved the motion for counsel fees. Indeed, the motion should have been made directly to him. R. 1:6-2; R. 5:5-4. However, during the two months it took Mrs. Salch's attorney to file the motion for counsel fees, the original trial judge was apparently transferred to a new assignment.
The administrative considerations involved in this transfer should not have interfered with what was required in order to fairly and justly resolve the counsel fee issue  disposition by the judge who had the primary responsibility for the case during its pendency. This is not to suggest that regardless of his or her status a trial judge is wedded forever to any case with which he or she has had the slightest involvement. What is expressed here is a rule of reason. For example, a motion for a new trial must be made before the trial judge who presided over the case. R. 4:49-1. The reason for this is that the outcome of the motion will depend in great measure on what the judge has seen and heard, "the feel of the case." On the other hand, there is no such requirement for setting aside an entry of default or a default judgment where the objective acts of the litigant and his or her attorney are dispositive. R. 4:43-3. Depending upon the circumstances surrounding it, a counsel fee motion can fall anywhere between these poles.
Thus, the rule must be flexible. This much is clear: all matrimonial counsel fee motions should be directed to the judge who has had responsibility for the case regardless of his or her present assignment. Where a judge's exposure to a case is minimal (for example, where he or she has "put through" an *445 uncontested divorce involving settlement) and counsel fees are reserved for disposition, there is no compelling reason (other than considerations of judicial economy) for that judge to resolve the later fee issue after reassignment. On the contrary, where, as here, a judge has had substantial involvement in a case, including the entry of pendente lite orders, conferences, efforts at settlement and the like, a reserved counsel fee motion involving reasonableness, ability to pay and good faith, in any combination, should be resolved by that judge regardless of the later reassignment. Cases which fall between these extremes will have to be decided on a case by case basis. When in doubt, a trial judge should retain jurisdiction over a fee motion in spite of a transfer in responsibilities. This scheme not only comports with the notion of judicial economy but is what is required of a judicial system which regards substantial justice as a value above and beyond administrative convenience.
We thus reverse the entry of the order denying Mrs. Salch counsel fees and remand the matter to the original trial judge for a full review in light of the standards established in Williams v. Williams, supra, and N.J.S.A. 2A:34-23.
Reversed and remanded.