**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4164-15T1

PARKE BANK,

    Plaintiff-Respondent,

v.

2820 MT. EPHRAIM AVENUE, LLC,
HADDON FARMERS MARKET, LLC,
LSQ BEVERAGE CO., INC.,
ANTHONY CALZARETTO, WILLIAM
EPP, JOHN DINASO and
KEITH LUDWICK, jointly and
severally,

    Defendants,

and

JOHN CALZARETTO,

    Defendant-Appellant.

_____

Submitted September 14, 2017 — Decided October 12, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No. L-
3553-14.

John Calzaretto, appellant pro se.

Dembo, Brown & Burns, LLP, attorneys for respondent (Kyle Eingorn, of counsel and on the brief).

PER CURIAM

Following the primary obligor's default on a $3,750,000 commercial mortgage modification note to plaintiff, Parke Bank, the bank obtained judgments against defendant John Calzaretto, a guarantor, and others. Defendant appeals from an April 15, 2016 "Order for Payments out of Income." He argues the order violated statutory restrictions on the extent to which a judgment creditor can execute on a limited liability company member's transferrable interest and also violates the statutory limitations on wage, earnings, and salary garnishments. The bank disputes these contentions. We are unable to discern from the record the basis for the trial court's order. For that reason, we reverse and remand for further proceedings.

After the bank obtained a default judgment against defendant, it conducted discovery to determine defendant's assets and then filed a motion entitled "Notice of Motion for an Order for Payments out of Income." Neither the notice of motion nor the supporting certification cited the statutory or other authority under which the bank was proceeding. According to the transmittal letter and notice of motion, the bank intended to rely on a supporting certification.

In the supporting certification, filed by the bank's attorney, the bank asserted "[d]efendant . . . is the sole owner of Calzaretto & Company, LLC, which had gross income of $458,916.00, which amounts to $38,243.00 per month." The certification further states defendant held interests in three other LLCs "from which he claims to have had $171,571.00 in non-passive income, which equates to $14,297.58 per month." According to the certification, "the [b]ank is entitled to 10% of the gross income of [defendant] which as set forth in his [t]ax [r]eturn is the monthly sum of [f]ifty-[t]wo [t]housand [f]ive [h]undred [f]orty [d]ollars and 58/100 ($52,540.58)."[1]

Defendant, an attorney and certified public accountant, pointed out that the bank's certification referenced Calzaretto & Company, LLC's gross receipts, ignored its expenses, ignored the company's loss for the income tax year in question, and simply attributed receipts of gross income to defendant. Defendant noted the same alleged deficiencies in the bank's assertions concerning the other LLCs. Defendant attached a schedule allegedly summarizing his income by activity as per his 2014 tax return. He claimed the schedule demonstrated he suffered an aggregate loss

---

[1] The reference to ten percent is apparently a reference to N.J.S.A. 2A:17-56, entitled "[l]imitation on amount specified in execution."

for the 2014 tax year, "and therefore under both Federal law at 15 U.S.C.A. § 1573 and New Jersey State law at N.J.S.A. 2A:17-56, [defendant] is not required to make payments out of income."

During oral argument on the bank's motion, the parties reiterated and, to some extent, amplified their positions. The court then issued a short oral opinion from the bench.

In its opinion, the court noted that the debt had been longstanding, a fact the court considered. The court implied the amount defendant owed was undisputed and acknowledged defendant's arguments concerning "the LLC law." After doing so, the court concluded: "But, the bottom line is that the judgment is against the individual in regards to that." The court then indicated it was going to enter the order for payment of income, but would reduce the monthly payment to $4,800 "in regard[] to some of the defense's discretion in the income and also taking in account the expenses of the office." The court entered a memorializing order and defendant filed this appeal.

When entering orders appealable as of right, trial courts must issue opinions. Rule 1:7-4 mandates that a trial court, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" The trial court must clearly state its factual findings

4

and correlate them with relevant legal conclusions so the parties and appellate courts may be informed of the rationale underlying the decision.  <u>Monte v. Monte</u>, 212 <u>N.J. Super.</u> 557, 564-65 (App. Div. 1986).  "In the absence of reasons, we are left to conjecture as to what the judge may have had in mind."  <u>Salch v. Salch</u>, 240 <u>N.J. Super.</u> 441, 443 (App. Div. 1990).  Here, we are unable to discern from the trial court's opinion the precise factual findings underlying its legal conclusions.

<u>N.J.S.A.</u> 42:2C-43 restricts execution by a judgment creditor on a limited liability company member's transferrable interest. The statute declares the creditor "may charge the transferrable interest of the member with payment of the unsatisfied amount of the judgment with interest."  The statute further declares that a judgment creditor "shall have no right under 42:2C-1 et seq. or any other State law to interfere with the management or force dissolution of a limited liability company or to seek an order of the court requiring a foreclosure sale of the transferrable interest."  <u>Ibid.</u>

In the case before us, defendant contended the bank's application and the erroneous assertions in its supporting certification violated <u>N.J.S.A.</u> 42:2C-43.  We cannot discern from the trial court's opinion where it addressed this argument or why it deemed the gross revenues of four limited liability companies

to be defendant's individual gross income.  If the court determined either that the form of the LLCs should be disregarded or the entities' operating expenses should be ignored, its reasons for making such determinations are not clear.  Similarly, we are unable to determine from the record the basis for the order of $4800 per month.

The bank argues "[t]he reality is that the value of the companies . . . is in the income derived from [defendant's] work and not in the assets of the companies; as such, the [b]ank has not sought foreclosure of a management role because it would reduce the companies' income and in turn reduce the amount the [b]ank can charge."  The bank further argues there is nothing about the trial court's decision inconsistent with N.J.S.A. 42:2C-43, which by its own terms permits a court order charging the transferrable interest of a limited liability member.

The bank also argues that N.J.S.A. 2A:17-56, which permits execution by a judgment creditor not to exceed ten percent of "wages, debts, earnings, salary, income from trust funds or profits due and owing, or which may thereafter become due and owing to a judgment debtor," authorizes execution on a debtor's gross income rather than net profit.

In a footnote, the bank repeats a previous assertion that during asset discovery, defendant did not produce his jointly

filed income tax return, but instead produced a return he prepared solely for the purposes of the asset deposition. The bank contends defendant refused to produce his actual tax return because he was attempting to conceal exorbitant rents his LLCs paid to his wife. The bank apparently makes this accusation to underscore the propriety of the trial court's decision.

To the extent the arguments the parties now make on appeal were developed before the trial court, the trial court did not appear to address them in its opinion. If the trial court ordered defendant to produce his income tax returns, and if he arbitrarily refused to comply with the court's order, then the trial court can consider defendant's recalcitrance in fashioning an appropriate remedy. Defendant has no right to disregard or only partially comply with a trial court's order. That is not to suggest defendant did so here. This is simply one more aspect of the record that has not been properly developed, either before the trial court or on appeal.

For the foregoing reasons, we reverse the trial court's order and remand for further proceedings. The trial court, in its discretion, may decide to permit additional discovery so that a proper record can be developed. If necessary, the trial court should conduct a hearing to resolve factual disputes material to the parties' respective contentions. This opinion should not be

construed as either requiring or restricting additional discovery, or as suggesting the motion's outcome.  We leave these issues to the trial court's sound discretion.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4164-15T1