# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5511-18

F.A.T.,

     Plaintiff-Respondent,

v.

C.T.D.,

     Defendant-Appellant.

_____

        Submitted November 5, 2020 – Decided  March 19, 2021

        Before Judges Sumners and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. FD-20-1529-19.

        Weinberger Divorce & Family Law Group, LLC, attorneys for appellant (Richard A. Outhwaite, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant C.T.D.[1] appeals from a July 17, 2019 order of the Family Part that granted plaintiff F.A.T.'s request for visitation with her grandson, R.D. On appeal, defendant argues that: (1) the trial judge erred in awarding plaintiff visitation under the Grandparent Visitation Statute (GVS), N.J.S.A. 9:2-7.1; and (2) the matter should be remanded for a plenary hearing. Because the trial judge's ruling in this case did not make any findings of fact or conclusions of law referencing the GVS, we remand the matter for a plenary hearing consistent with this opinion.

We discern the following facts from the limited record before us. Plaintiff is the maternal grandmother of ten-year-old R.D. On May 28, 2019, plaintiff filed a verified pro se complaint in the Chancery Division, Family Part seeking visitation with her grandson.[2] Plaintiff alleged that she had not seen her "grandson in over a year." Plaintiff further contended that she made several unsuccessful attempts to communicate with defendant and the paternal grandmother to arrange visits with R.D.

---

[1] We use initials to protect the privacy of the parties. R. 1:38-3(d)(3) and (13).

[2] J.F., R.D.'s mother, was also listed as a defendant but did not participate in the underlying matter.

The matter came before the Family Part on July 17, 2019. Both plaintiff and defendant appeared pro se. Defendant testified that plaintiff had "disappeared for multiple years" and "not kept in contact" with R.D. Plaintiff countered that she was "very interested" in seeing her grandson and reached out on special occasions such as birthdays and holidays. The trial judge made a brief inquiry as to plaintiff's residency status and occupation. The judge indicated that, because plaintiff was supervising J.F.'s visitation, it would be unreasonable that she would be precluded from visiting R.D. The judge ultimately concluded that plaintiff has "the right to have some communication and contact with" R.D.

That same day, the trial judge issued an accompanying written order which sets forth, in part, that:

> Plaintiff's application for visitation with grandchild [R.D.] . . . is granted in part. Commencing on Saturday, July 27, 2019, plaintiff shall have visitation with the child on alternate Saturdays from 12:00[p.m.] to 5:00[p.m.]. Plaintiff shall pick up and drop off the child curbside at defendant [C.T.D.'s] residence. The visitation schedule shall be subject to the child's hockey schedule, and if the child's activity conflicts with the visitation, the parties shall adjust the hours or the days if necessary. Defendant [J.F.] is prohibited from being present during plaintiff's visitation.

Neither the judge's oral ruling nor the written order applied, or even mentioned, the criteria set forth in the GVS. This appeal ensued.

Our standard of review is well-established. We generally accord deference to the Family Part's fact-finding because of the court's "special expertise" in family matters and "superior ability to gauge the credibility of the witnesses who testify before it . . . ." N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 448 (2012) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)).

Under the GVS, "[a] grandparent . . . of a child residing in [New Jersey] may make application before the Superior Court . . . for an order for visitation. It shall be the burden of the applicant to prove . . . that the granting of visitation is in the best interests of the child." N.J.S.A. 9:2-7.1(a). The GVS represents an infringement on the fundamental right to parent, and the only interest that permits the State "to overcome the presumption in favor of a parent's decision and to force grandparent visitation over the wishes of a fit parent is the avoidance of harm to the child." Moriarty v. Bradt, 177 N.J. 84, 115 (2003). Therefore, to obtain visitation under the GVS, the grandparents must establish, "by a preponderance of the evidence[,] that [such] visitation is necessary to avoid harm to the child." Id. at 117.

Moreover, the court may not approve a visitation schedule unless the grandparent first establishes the potential for harm to the child and overcomes the presumption in favor of parental decision-making. Rente v. Rente, 390 N.J. Super. 487, 493-94 (App. Div. 2007). The court must determine if visitation is in the child's best interests, based on the factors enumerated in the GVS. Ibid. These factors include:

> (1) The relationship between the child and the applicant;
>
> (2) The relationship between each of the child's parents or the person with whom the child is residing and the applicant;
>
> (3) The time which has elapsed since the child last had contact with the applicant;
>
> (4) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;
>
> (5) If the parents are divorced or separated, the time sharing arrangement which exists between the parents with regard to the child;
>
> (6) The good faith of the applicant in filing the application;
>
> (7) Any history of physical, emotional or sexual abuse or neglect by the applicant; and
>
> (8) Any other factor relevant to the best interests of the child.

[N.J.S.A. 9:2-7.1(b).]

Rule 1:7-4(a) requires that trial judges "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for the court's action).

Unfortunately, our review of the trial judge's order is hampered because she did not make factual findings or reach conclusions of law, nor did she address the factors set forth in the GVS. The scant factual findings do not meet the statute's requirements. See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990) ("Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion."). Therefore, we are constrained to vacate the judge's order and remand for a plenary hearing at which the parties can present evidence directed at the standards set forth in the GVS. At the conclusion of the hearing, the judge shall articulate whether the best interests of the child favor visitation with F.A.T. in accordance with the statute.

Vacated and remanded for a plenary hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5511-18