**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0169-20

C.F.A.,

     Plaintiff-Respondent,

v.

B.A.A.,

     Defendant-Appellant.

_____

     Submitted September 16, 2021 – Decided September 22, 2021

     Before Judges Alvarez and Mitterhoff.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket Nos. FV-04-3123-20 and FV-04-0692-21.

     James A. Key, Jr., attorney for appellant.

     Respondent has not filed a brief.

PER CURIAM

     B.A.A. appeals from a September 8, 2020 decision vacating a temporary restraining order (TRO) in favor of B.A.A., denying a final restraining order

(FRO) in favor of B.A.A., and granting an FRO in favor of C.F.A. pursuant to the Prevention of Domestic Violence Act (Act), N.J.S.A. 2C:25-17 to -35. After a careful review of the facts and the applicable legal principles, we reverse and remand for a new hearing before a different judge.

An initial point of concern is that, although there were two Portuguese interpreters at the hearing, neither interpreter was sworn in. Setting aside this potentially fatal defect, we discern the following facts from the record.

On June 29, 2020, B.A.A. filed a domestic violence complaint in Camden County against C.F.A. based upon events from the previous day. The court issued a TRO, and C.F.A. was served that same day.

C.F.A. then allegedly attempted to get a TRO on June 30, 2020, but unbeknownst to C.F.A, the TRO was not issued at that time.[1] C.F.A. later discovered there was no pending TRO against B.A.A. Therefore, on August 17, 2020, C.F.A. filed a DV complaint in Essex County against B.A.A. and obtained a TRO. B.A.A. claims he was not served with the TRO and only received notice of the TRO at the hearing. A Zoom hearing on the FRO for both TROs was held on September 8, 2020. The parties appeared before a Camden County judge.

---

[1] The record is not clear as to why a TRO was not issued on June 30, 2020.

A-0169-20

Nowhere in the record does the judge indicate why he was rendering a decision regarding C.F.A's Essex County complaint.

At the hearing, the parties testified as follows. B.A.A. and C.F.A. were married on December 19, 2019. The couple do not have any children together, but C.F.A. has a sixteen-year-old son that lived with them. On June 28, 2020 there was a physical altercation between the couple. C.F.A. testified that B.A.A. threw her to the floor and grabbed her by the hair. As a result of the physical struggle, C.F.A. sustained bruises to her leg. C.F.A. also testified that B.A.A. had a history of locking C.F.A. out of their condominium, smelling C.F.A. "around to see if [she] had been with somebody[,]" and calling her dumb. Because of the history of abuse and the physical dispute on June 28, 2020, C.F.A. testified that she was afraid of B.A.A.

B.A.A. also appeared at the hearing and was ready to proceed even though he received a copy of the Essex County TRO against him at the hearing itself. During the hearing, B.A.A. provided a conflicting version of the events on June 28, 2020. B.A.A. testified that C.F.A. had been drinking that day and began yelling at him. B.A.A. also testified that C.F.A. struck him with some type of utensil on his left hand. B.A.A. later admitted to putting C.F.A. in a bear hug and moving her to her son's room in an act of alleged self-defense. B.A.A. then

testified that after he put C.F.A. in her son's room, he called the Cherry Hill Police Department. B.A.A. also testified that he does not currently know where C.F.A. lives or where she works. The parties filed for divorce on July 20, 2020.

At the conclusion of the hearing, the trial judge found C.F.A. credible and B.A.A. not credible. The judge's entire opinion is as follows:

> I have -- I've made the finding that the plaintiff [C.F.A.] is a credible witness. I find that [B.A.A], on the other hand, is not a credible witness.
>
> The Court needs to make a decision based on proofs of credible evidence. [B.A.A.] explains in his testimony that he was able to grab and take control of his wife and put her in a room. I find that action to be committing an act of assault. Other than that, his testimony, [B.A.A.] did not sound credible. His restraining order will be denied. [C.F.A.] on the other hand, the Court finds is credible. Suffered (indiscernible) behavior from her husband. This was (indiscernible) acts of assault and she is in true fear of her husband. I will grant her a final restraining order and possession of the property where the parties lived as husband and wife.

The judge ultimately vacated the TRO in favor of B.A.A., denied an FRO in favor of B.A.A., and granted an FRO in favor of C.F.A. This appeal followed.

On appeal, B.A.A. raises the following issues for our consideration:

> POINT I
>
> THE TRIAL JUDGE ABUSED HIS DISCRETION IN THE MANNER IN WHICH HE CONDUCTED THE HEARING.

4                                                                    A-0169-20

A. THE TRIAL JUDGE DID NOT HAVE JURISDICTION TO DECIDE THE WIFE'S DV COMPLAINT.

B. THE INTERPRETERS WERE NOT SWORN.

C. THE HEARING IS REPLETE WITH INDISCERNIBLE SPEECH AND INTERRUPTIONS THUS OBLITERATING A CONSISTENT RECORD.

D. THE HUSBAND HAD NOT BEEN SERVED WITH THE WIFE'S DV COMPLAINT AND TRO PRIOR TO THE HEARING.

E. THE TRIAL JUDGE IMPROPERLY DENIED THE HUSBAND'S ATTEMPTS TO INTRODUCE EVIDENCE.

F. THE TRIAL JUDGE IMPROPERLY DENIED THE HUSBAND'S PROOFS AS HEARSAY.

G. THE TRIAL JUDGE EXHIBITED IMPATIENCE AND LACK OF FAIRNESS WITH THE PRO-SE HUSBAND.

POINT II

THE TRIAL JUDGE ERRED IN FINDING THE HUSBAND COMMITTED AN ACT OF DOMESTIC VIOLENCE BY A PREPONDERANCE OF THE EVIDENCE.

A. THERE WAS NO ASSAULT BY THE HUSBAND UPON THE WIFE.

B. THERE WAS NO PRIOR HISTORY OF DOMESTIC VIOLENCE.

C. THERE WAS NO IMMEDIATE DANGER TO THE WIFE.

D. THE WIFE LACKED CREDIBILITY.

1. The Wife was disjointed as to her testimony and both the Wife and the Trial Judge were inaccurate regarding the timeline when she filed her DV Complaint and obtained a TRO against the Husband.

2. The Trial Judge failed to consider the Wife's motives for filing her DV complaint against the Husband.

POINT III

THE TRIAL JUDGE'S FAILURE TO PROVIDE THE SPECIFIC FACTS, STATUTORY CONSTRUCTION AND/OR LEGAL PRECEDENT IT RELIED UPON IN MAKING ITS DECISION IS REVERSABLE ERROR.

"In our review of a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013) (citing Cesare v. Cesare, 154 N.J. 394,

6

411-12 (1998)). "This deferential standard is even more appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" L.M.F. v. J.A.F., Jr., 421 N.J. Super. 523, 533 (App. Div. 2011) (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We "should not disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts." Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Preliminarily, N.J.R.E. 604 mandates that "[a]n interpreter shall take an oath or make an affirmation or declaration to interpret accurately." N.J.R.E. 604. Here, there were two interpreters present at the hearing, but neither were sworn in. Therefore, we are left to guess whether the interpreters were in fact translating accurately and truthfully. The trial court's plain error in failing to swear in the interpreters warrants reversal. R. 2:10-2.

7

Additionally, the record in this case does not indicate that there was a motion to consolidate C.F.A's Essex County case and B.A.A's Camden County case and the trial judge failed to explain why he was rendering a decision on C.F.A's case during the September 8, 2020 hearing. Without any indication otherwise, we are left to conclude that the Camden County judge lacked jurisdiction to hear C.F.A's Essex County case. This deficiency provides yet another reason for reversal.

Finally, the entry of an FRO requires the trial court to make certain findings pursuant to a two-prong analysis. See Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). First, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125.

Second, if a predicate act has been proven, the court must determine whether an FRO is necessary, based on an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a). Silver, 387 N.J. Super. at 127 (citing N.J.S.A. 2C:25-29(b)); see also J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011). Those factors include:

A-0169-20

(1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse;

(2) The existence of immediate danger to person or property;

(3) The financial circumstances of the plaintiff and defendant;

(4) The best interests of the victim and any child;

(5) In determining custody and parenting time the protection of the victim's safety; and

(6) The existence of a verifiable order of protection from another jurisdiction.

[N.J.S.A. 2C:25-29(a)(1) to -29(a)(6).]

Because not every factor is relevant in every case, the Act "does not mandate that a trial court incorporate all of those factors into its findings." Cesare, 154 N.J. at 401-02. "When the predicate act is an offense that inherently involves the use of physical force and violence, the decision to issue an FRO 'is most often perfunctory and self-evident.'" A.M.C. v. P.B., 447 N.J. Super. 402, 417 (App. Div. 2016) (quoting Silver, 387 N.J. Super. at 127).

The Legislature did not intend the commission of one of the predicate acts set forth in N.J.S.A. 2C:25-19(a) to necessarily require entry of a restraining order. Silver, 387 N.J. Super. at 126-27. Accordingly, it adopted the N.J.S.A.

9

2C:25-29(a) factors to ensure one would issue only if a threat of immediate or future harm existed. Ibid. Where the predicate act does not reasonably present the threat of immediate or future harm, courts are required to conduct a more robust analysis of the second prong of the Silver test to illustrate exactly why an FRO is warranted. Silver, 387 N.J. Super. at 127-28; see Kamen v. Egan, 322 N.J. Super. 222, 229 (App. Div. 1999) (holding a single act of trespass, unaccompanied by violence or the threat of violence, was an insufficient basis to issue an FRO); Corrente v. Corrente, 281 N.J. Super. 243, 250 (App. Div. 1995) (holding a single act of harassment, unaccompanied by violence or the threat of violence, was an insufficient basis to issue an FRO); Peranio v. Peranio, 280 N.J. Super. 47, 56 (App. Div. 1995) (holding a single act of harassment, unaccompanied by violence or the threat of violence, was an insufficient basis to issue an FRO). Conversely, where the predicate act is one of violence, the need for a protective order may arise if it constitutes "one sufficiently egregious action." Cesare, 154 N.J. at 402.

Guided by these principles, we find the judge did not adequately set forth facts why an FRO was necessary. With respect to the second prong of Silver, the record is not clear whether a threat of immediate or future harm exists to require the issuance of an FRO. During the hearing, B.A.A. indicated that he

does not know where C.F.A. currently lives or works. Although the judge need not incorporate every N.J.S.A. 2C:25-29(a) factor into his opinion, per Rule 1:7-4, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury." R. 1:7-4. "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). Here, the judge did not state on the record his findings regarding whether there was a threat of immediate or future harm. For this reason and the reasons stated previously, we find that a new hearing must be conducted.

Having determined that a new hearing is necessary, we also conclude that on remand the matter must be heard by a different judge. We sparingly exercise our authority to direct re-assignment of a case on remand, but we do so when necessary "to preserve the appearance of a fair and unprejudiced hearing." Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2020). Because the judge in this case already found C.F.A. credible and B.A.A. not credible, the matter should be assigned to another judge on remand.

Reversed and remanded for a new hearing before another judge. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0169-20