**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0474-22

SCOTT MADLINGER,

    Plaintiff-Appellant,

v.

TOWNSHIP OF INDEPENDENCE,
and DENA M. HREBENAK, in her
official capacity as Municipal Clerk
and Records Custodian of the
Township of Independence,

    Defendants-Respondents.

_____

Argued November 15, 2023 – Decided December 1, 2023

Before Judges Currier, Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0114-22.

Christina N. Stripp argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf LLP, attorneys; Walter Michael Luers and Christina N. Stripp, on the briefs).

William Henry Pandos argued the cause for respondents (Lavery, Selvaggi, Abromitis & Cohen,

attorneys; James F. Moscagiuri and William Henry Pandos, on the brief).

PER CURIAM

Plaintiff Scott Madlinger appeals from an October 12, 2022 Law Division order dismissing his verified complaint with prejudice and denying his request for counsel fees against defendants, Township of Independence (Township), and its Municipal Clerk, Dena M. Hrebenak. In his verified complaint, plaintiff alleged defendants failed to produce unredacted invoices for legal services in violation of the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law right-of-access. Because the trial court did not provide any reasons for its decision as required under Rule 1:7-4(a), we are constrained to vacate the order and remand for further proceedings.

We discern the following material facts from the record. On April 8, 2022, plaintiff sent an email to the Township requesting:

> Legal invoices for all legal services rendered and reimbursed by Town since January 1, 2020, including Town Counsel and Labor Counsel and any other attorney work performed for and paid by the Town.

On April 21, 2022, Hrebenak sent an email in reply attaching the "Township Committee legal and labor bills for 2022" and advising the 2021 invoices would be forthcoming. Hrebenak also requested a one-week extension

to send the 2020 invoices. On May 13, 2022, Hrebenak sent a copy of the 2020 invoices to plaintiff along with a Vaughn[1] index as to the attorney-client communications and confidential personnel information redacted from the documents.

Plaintiff filed an order to show cause (OTSC) and verified complaint challenging the legality of the redactions and to compel defendants to provide unredacted copies of the legal invoices.[2] Plaintiff also requested counsel fees. After a hearing on July 8, 2022, the court entered an order with an accompanying fifteen-page written statement of reasons requiring defendants to submit the unredacted records to the court for an in camera review. The court concluded, in part, that "[a]lthough attorney billing records are not in-and-of themselves exempted from disclosure under OPRA, it is undisputed that line-item billing

---

[1] Originally set forth in Vaughn v. Rosen, 484 F.2d 820, 826-27 (D.C. Cir. 1973), Vaughn indices were incorporated into New Jersey caselaw in part through Loigman v. Kimmelman, 102 N.J. 98, 109-13 (1986). "The 'Vaughn index must consist of one comprehensive document, adequately describe each withheld document or redaction, state the exemption claimed, and explain why each exemption applies.'" Davis v. Disability Rights N.J., 475 N.J. Super. 122, 146 (App. Div. 2023) (quoting Cozen O'Connor v. U.S. Dep't of Treasury, 570 F. Supp. 2d 749, 765 (E.D. Pa. 2008)).

[2] The court denied the initial OTSC on May 23, 2022 because the verified complaint that was filed did not align with the OPRA request and, instead, referenced documents sought regarding an unrelated arrest.

A-0474-22

descriptions should be redacted where they contain information that is subject to attorney-client privilege or is otherwise exempt from disclosure." The court found it could not "determine whether [d]efendant[s'] records f[e]ll under any of the various factors [d]efendant[s] listed (reasonable expectation of privacy, work product privilege, common law right[-]of[-]access, [et cetera])" without reviewing the unredacted documents. The court reserved decision on plaintiff's request for an award of counsel fees pending the in camera review.

On July 20, 2022, defendants submitted both unredacted and redacted versions of the documents to the court. On July 28, 2022, the court sent counsel a letter stating the court found the redacted material was "sufficient." No order or statement of reasons accompanied the letter.

On August 24, 2022, plaintiff submitted a proposed form of order dismissing the action with prejudice and denying the request for prevailing party counsel fees as a final order, thus closing the case. On October 12, 2022, the court entered the final order in the form proposed. This appeal followed.

On appeal, plaintiff contends the trial court failed to set forth an oral or written statement of facts and legal reasons that led to the entry of the October 12, 2022 final order as required by Rule 1:7-4(a). Plaintiff also posits that defendants have not supported the rationale for the redactions with satisfactory

evidence and, therefore, have not met their burden of establishing that the information redacted was privileged. Additionally, plaintiff maintains that he must be awarded counsel fees as a prevailing party.

Our review of a trial court's legal conclusions in an OPRA action is de novo. Dig. First Media v. Ewing Tp., 462 N.J. Super. 389, 397 (App. Div. 2020). However, we employ "a different and deferential standard of review when a court conducts in camera review of documents and balances competing interests in disclosure and confidentiality in connection with a common-law-based request to inspect public records." N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 441 N.J. Super. 70, 89 (App. Div. 2015). In that event, it is not proper to disturb factual findings unless they are not supported by adequate, substantial, and credible evidence. Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475 (1988).

Plaintiff does not assert the trial court erred in ordering an in camera review of the unredacted documents. Indeed, where the documents were so heavily redacted as to be incomprehensible to a reader, the court's decision was well-supported. However, we cannot meaningfully review the court's determination that the redactions were "sufficient" because no reasons were provided for the decision.

A-0474-22

Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ." Findings of fact and conclusions of law are required on "every motion decided by [a] written order[] . . . appealable as of right." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)). "Failure to perform this duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Ibid. (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)).

Without a statement of reasons, we are "left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid.

Defendants do not disagree that compliance with Rule 1:7-4(a) is required. Instead, they assert the court's July 8, 2022 fifteen-page written decision read in conjunction with the July 28, 2022 letter formulate an adequate statement of reasons. We disagree that these court filings read in tandem articulate the basis for the court's dismissal of the action with prejudice and denial of attorney's fees under Rule 1:7-4(a). Although the October 12, 2022 order references both prior

A-0474-22

filings, the July 28, 2022 letter did not expressly incorporate the July 8, 2022 written decision and could not have relied upon the prior rationale since the written decision pre-dated the in camera review of the documents. The letter also did not include an order as required to issue a final determination regarding plaintiff's application.

We vacate the October 12, 2022 order and remand to the trial court to provide its findings of fact and conclusions of law with an accompanying order subsequent to its in camera review. See Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 561 (App. Div. 2009) (finding we were "compelled to vacate the award under review and remand for further proceedings because the judge's findings do not comport with Rule 1:7-4(a) in a number of respects"); see also United Consumer Fin. Servs. Co. v. Carbo, 410 N.J. Super. 280, 313 (App. Div. 2009) (finding that the trial court's decision was not sufficiently explained to permit Appellate Division review and remanding the matter for reconsideration). The remand shall be completed within sixty days of this decision. In vacating the October 12, 2022 order, we proffer no opinion as to the merits of the parties' claims or defenses regarding any redactions.

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0474-22