**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3942-22

DAVID DOS SANTOS and
ELANA DOS SANTOS, his wife,

    Plaintiffs-Respondents,

v.

VERIZON NEW JERSEY, INC.,

    Defendant-Appellant,

and

JERSEY CENTRAL POWER
AND LIGHT COMPANY and
FIRSTENERGY CORPORATION,

    Defendants.

_____

          Argued January 24, 2024 – Decided February 8, 2024

          Before Judges Susswein and Vanek.

          On appeal from an interlocutory order of the Superior
          Court of New Jersey, Law Division, Essex County,
          Docket No. L-1532-19.

Thomas Mason Crino argued the cause for appellant (Goldberg Segalla LLP, attorneys; Thomas Mason Crino, of counsel and on the briefs; Robert M. Hanlon, on the briefs).

Ronald Joseph Morgan argued cause for the respondents (Kirsch, Stone & Morgan, PA, attorneys; Gregg A. Stone, on the brief).

PER CURIAM

Defendant Verizon New Jersey Inc. (Verizon) appeals the portion of a July 21, 2023 order requiring production of certain documents withheld as privileged during pretrial discovery in plaintiffs' personal injury action. On August 24, 2023, we granted leave to appeal the trial court's interlocutory order. Since the trial court did not provide reasons for denial of the relief Verizon sought with respect to two of the documents claimed to be privileged, we vacate the order in part and remand to the trial court to enter an amended order with a statement of reasons.

On August 30, 2018, plaintiff David Dos Santos was allegedly injured by a utility pole owned by Verizon. On February 27, 2019, plaintiffs David and Elana Dos Santos commenced litigation for personal injuries resulting from the accident. During the course of discovery, plaintiffs filed a notice to produce to compel Verizon to produce documents. Verizon responded to the notice to produce, in part, by serving a log identifying twenty-six documents it withheld

2

as privileged. On May 15, 2023, plaintiffs filed another motion compelling Verizon to produce the documents identified in the privilege log. On June 9, 2023, Verizon opposed plaintiffs' motion and submitted the documents to the trial court for an in camera review.

On June 23, 2023, the trial court entered an order after in camera review compelling Verizon to produce the twenty-six documents listed on the April 24, 2023[1] privilege log, finding they were not privileged. Defendants served plaintiff with twenty-one of the documents and filed a motion for reconsideration with respect to the remaining five documents.

On July 21, 2023, the trial court granted a portion of Verizon's motion for reconsideration but denied Verizon's request to withhold Document 20 and the attachment to Document 26.

There is a notation on the order that states "[t]his [c]ourt had previously ruled on Documents 18 and 19 and the attachments thereto." The trial court provided no reasons in the body of the order or on the record to explain why the court found that Document 20 and the attachment to Document 26 were not protected from disclosure. Verizon appeals the July 21, 2023 order only to the

---

[1] We note that the June 23, 2023 order and the July 21, 2023 order use different dates as to the privilege log. We use the date as set forth by the parties.

A-3942-22

extent it compels production of Document 20 and the attachment to Document 26. On Verizon's unopposed motion, we allowed the documents at issue to be submitted to us for potential in camera review. Document 20 is an email chain between in-house Verizon attorneys and executives.[2] Verizon represents that the attachment to Document 26 is a chart summarizing certain New York municipal ordinances governing the removal of old wood utility poles that are adjacent to newly installed poles. The attachment to Document 26 is comprised of twenty pages that are not chronologically identified and contain email communications and documents in addition to the ordinance summary chart referenced by Verizon.

An appellate court "will not disturb the trial court's reconsideration decision, 'unless it represents a clear abuse of discretion.'" Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). We review a trial court's decision to grant or deny "a motion for reconsideration for abuse of discretion." Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). The same standard of appellate review

_____

[2] We describe Document 20 and the attachment to Document 26 generically consistent with Verizon's representations in the briefing since Verizon alleges the documents are privileged and they have not been produced to plaintiffs.

applies to discovery orders entered by a trial court. Rivers v. LSC P'Ship, 378 N.J. Super. 68, 80 (App. Div. 2005).

"Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). When considering a request for documents a party deems privileged, the trial court "must '"make specific determinations regarding [the] plaintiff's access to [documents claimed to be privileged], including an expression of reasons for the court's rulings."' The trial court must examine each document individually, and explain as to each document deemed privileged why it has so ruled." Seacoast Builders Corp. v. Rutgers, The State Univ., 358 N.J. Super. 524, 542 (2003) (emphasis omitted) (quoting Payton v. N.J. Tpk. Auth., 148 N.J. 524, 550 (1997) (quoting Payton v. N.J. Tpk. Auth., 292 N.J. Super. 36, 53 (App. Div. 1996), aff'd, 148 N.J. 524 (1997))).

Further, "[w]hen stating the reasons for nondisclosure, a judge should 'state with particularity the facts, without disclosing the secrets sought to be protected, that . . . persuade the court to seal the document or continue it under seal.'" Rosenberg v. State Dep't of L. & Pub. Safety, 396 N.J. Super. 565, 581 (App. Div. 2007) (quoting Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 382, (1995)). In Rosenberg, we concluded the trial court's "sparse, virtually non-existent,

5

reference to particular documents, along with a conclusory statement of reasons rather than specific factual findings prevent[ed]" this court on review "from making a meaningful determination whether the judge correctly found, on a document-by-document basis, that the information was privileged and thus protected from disclosure." Id. at 569.

The court did not provide any reasons for the entry of the July 21, 2023 order either on the record or in writing and, therefore, we cannot substantively review the order. Accordingly, we vacate the portion of the July 21, 2023 order pertaining to the two documents at issue and remand to the trial court to enter an amended order with a statement of reasons for its determination of the reconsideration motion.

Vacated in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3942-22