**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0934-23

ALBERT M. ROBINSON,

    Plaintiff-Appellant,

v.

DAVID KEITH OAKS, ESQ.,
DAVID KEITH OAKS, P.A., and
DAVID K. OAKS PERSONAL
TRUST,

    Defendants-Respondents.

_____

Submitted November 13, 2024 – Decided November 20, 2024

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1991-22.

Albert M. Robinson, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

    Plaintiff Albert M. Robinson appeals from an October 10, 2023 trial court

order denying his motion for entry of final default judgment against defendant David Keith Oaks. After a thorough review of the record, we vacate the order and remand to the trial court to articulate the reasons for its decision predicated on findings of fact and conclusions of law pursuant to Rule 1:7-4.

I.

We glean the following salient facts from the limited record. On October 21, 2022, plaintiff filed a Law Division complaint alleging defendant violated N.J.S.A. 2C:41-1 to -6.2 (New Jersey's criminal racketeering statute), committed fraud, inflicted emotional distress on plaintiff, and engaged in malicious prosecution. Plaintiff sought compensatory and punitive damages in the amount of "$100,000,001."

Plaintiff served defendant with process via certified mail at an address in Punta Gorda, Florida. The United States Postal Service (USPS) marked the package "return to sender" and sent it back. On April 6, 2023, plaintiff filed a certification of diligent search, certificate of no other address for defendant, and a certificate of service, where he again asserted that defendant's legal address is in Punta Gorda.

When defendant failed to respond to the complaint, plaintiff filed a request for clerk's entry of default against defendant pursuant to Rule 4:43-1,

A-0934-23

accompanied by a certification asserting service by USPS was accomplished at an address in Gainesville, Georgia. The clerk entered default against defendant under Rule 4:43-1.

A few days later, plaintiff filed a notarized statement of the amount due and an affidavit in support of a request for default judgment totaling $40,804,014. This submission was followed by a motion for final default judgment pursuant to Rule 4:43-2.

The trial court denied the unopposed motion by order, which stated that plaintiff has "provided no legal basis for the relief being sought." This appeal followed.

II.

We only have the benefit of plaintiff's merits brief, where he argued the trial court erred in denying his motion for the entry of default judgment. Here, the denial was based on the trial court's determination that plaintiff failed to set forth a legal basis for the relief sought. However, no factual findings supporting this legal conclusion nor legal authority underpinning the trial court's decision were articulated.

Our ability to resolve an appeal is largely dependent on the trial court's compliance with its obligation to state its findings of fact and conclusions of law

as required by Rule 1:7-4.  Rule 1:7-4 requires a trial court to "'state clearly [its] factual findings and correlate them with the relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'"  Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)); Curtis v. Finneran, 83 N.J. 563, 570 (1980).  Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind."  Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

After de novo review of the trial court's legal conclusion, we vacate the October 10, 2023 order and remand this matter for the trial court to set forth a statement of reasons comporting with Rule 1:7-4, supporting the denial of plaintiff's motion for final default judgment under Rule 4:43-2.  While the trial court may be correct in determining that "[plaintiff] has provided no legal basis for the relief being sought," absent adequately supported legal conclusions predicated on facts in the record, we are compelled to vacate and remand.  See, e.g. Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 561 (App. Div. 2009) (finding the appellate court was "compelled to vacate the award under review and remand for further proceedings because the judge's findings [did]

not comport with Rule 1:7-4(a) in a number of respects").

On remand, the trial court shall set forth its factual findings and legal conclusions as to service of process on defendant in accordance with Rule 4:4-4 and address the prima facie proofs as to plaintiffs causes of action, if appropriate, either on written submissions or after scheduling further proceedings as it may deem appropriate. EnviroFinance v. Env. Barrier, 440 N.J. Super. 325, 343 (App. Div. 2015) (explaining Rule 4:43-2(b) allows the trial court to require a proof hearing to determine "the quantum of damages as well as entitlement to relief, prior to entry of default judgment").

Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0934-23