**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0077-24

LENSCOAT, LLC,

     Plaintiff-Respondent,

v.

SCOTT ELOWITZ
PHOTOGRAPHY, LLC,
f/k/a LENSCOAT, IAE REALTY,
LLC, and SCOTT ELOWITZ,

     Defendants-Appellants.

_____

Submitted April 29, 2025 – Decided June 13, 2025

Before Judges Smith and Vanek.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0470-23.

Fox Rothschild, LLP, attorneys for appellants (Stephanie Nolan Deviney, Benjamin R. Kurtis and Jacqueline Davis, on the briefs).

Ansell, Grimm & Aaron, PC, attorneys for respondent (Lawrence H. Shapiro, Anthony J. D'Artiglio and Nicole A. Benis, on the brief).

PER CURIAM

Defendants appeal from the trial court's order denying their motions to: compel the return of attorney-client privileged email communications; disqualify plaintiff's counsel; and stay the proceedings pending resolution of these issues. Because the trial court did not place findings of fact and conclusions of law on the record in compliance with Rule 1:7-4 to support its order, we reverse and remand for proceedings consistent with this opinion.

## I.

In July 2022, plaintiffs Jonathan Goodman and Jason Kesselman, through their counsel Ansell Grimm & Aaron, PC (AGA), approached defendants Scott Elowitz Photography, LLC (SEP) and Scott Elowitz regarding the purchase of Elowitz's business, which manufactures and sells protective gear and accessories in the photography industry. The parties entered into an asset purchase agreement on July 18, 2022, followed by an amended agreement dated August 4, 2022 (collectively, the APA). The closing occurred on August 5, 2022, and the purchase price was approximately $5 million.

Under Section 2 of the APA, SEP agreed to sell specified assets to plaintiff, including "trademarks, service marks, copyrights, patents, websites and domain names set forth on Schedule 2(c)."

2

Section 3 of the APA expressly excluded certain assets from the sale, including "personal items of Owner set forth in Schedule 3(e)" and "[a]ll other property of Seller not used in the conducting of the Business other than the Purchased Assets."

As part of the transaction, plaintiff acquired the "Lenscoat" website/domain and account information and password for the Lenscoat.com cPanel program, a server and site management platform. Plaintiff entered into a lease agreement with IAE Realty, LLC for property located at 80 Throckmorton Street in Freehold, New Jersey to operate the business from. The parties also executed a restrictive covenant agreement barring Elowitz from interfering, competing, or diverting from plaintiff's business for five years, and a transition agreement. The transition agreement provided that during the transition period, plaintiffs would allow defendant and his immediate family members to retain their personal email accounts on the business's email system, with access terminating at the conclusion of the transition period.

On December 13, 2022, plaintiff issued a litigation hold directing defendants and their counsel to retain all documents given the likelihood of litigation. Plaintiff filed a complaint on February 15, 2023, followed by an amended complaint after discovering alleged misconduct by defendants. On

3

September 19, 2023, defendants answered, asserting affirmative defenses, and a counterclaim.

Plaintiff made its initial document production on April 8, 2024. On April 10, 2024, defendants moved to extend discovery from May 18, 2024 until December 31, 2024. On April 17, 2024, defendants sent a deficiency letter identifying several issues, including missing native document information with metadata, missing information about discovery searches, and missing pages. Defendants demanded that plaintiff produce "Mr. Elowitz's entire email account (again, in native form) WITHOUT REVIEWING ANY DOCUMENTS BECAUSE THAT EMAIL ACCOUNT CONTAINS ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS." On April 18, plaintiff opposed the motion to extend discovery. On May 1, 2024, the court entered an order extending discovery until December 31, 2024, with interim discovery deadlines.

In early May of 2024, when defendants reviewed plaintiff's document production, they discovered documents they considered to be their privileged communications. Specifically, they found an August 2022 communication between defendants and their closing counsel concerning lease issues, as well as a series of July 2022 communications regarding APA issues.

A-0077-24

On May 8, 2024, defendants sent a letter to AGA stating: "Your firm and client . . . improperly and unethically accessed defendants' [attorney-client] privileged information, and in violation of RPC 4.4, failed to return such information." Defendants demanded that plaintiff: (1) return all privileged documents and delete all copies; (2) agree to a forensic analysis at plaintiff's expense; and (3) that AGA withdraw as counsel within fourteen days.

On May 10, 2024, AGA stated they would not delete or destroy the emails, contending they were "not accepting the position that they are privileged communications to begin with and if privileged, that any such privilege has been waived."

On May 23, 2024, defendants moved to compel the return of attorney-client privileged documents, disqualify counsel, and stay the case. On June 13, 2024, plaintiff opposed and cross-moved to disqualify defendants' counsel, alleging that they contributed to spoliation. On June 19, 2024, plaintiff moved to strike defendants' pleadings for non-compliance with the May 1 order, and to extend discovery and order discovery deadlines, claiming defendants had accessed the business email account and deleted emails that were part of the assets sold to plaintiff.

5

On July 19, 2024, a second judge held an in-chambers conference with counsel, but did not make findings of facts or conclusions of law on the record afterward. The judge then directed the parties to submit a consent order, presumably reflecting the discussion in chambers. After the parties failed to agree, plaintiff submitted its own proposed order on July 31, 2024.[1] On August 6, 2024, the judge executed portions of plaintiff's proposed order, extending discovery deadlines and setting interim dates. The judge also denied defendant's motion to compel the return of attorney-client privileged email communications, disqualify plaintiff's counsel, and stay the proceedings. The trial court provided no written or oral statement of reasons with the order.

To comply with the order, plaintiff provided defendants with all defendants' emails in their possession, including the allegedly privileged emails, which plaintiff maintained they had segregated without review.

On August 26, 2024, defendants sought leave to appeal and moved to stay the litigation. On September 6, 2024, defendant produced additional discovery

---

[1] Defendants argue that the trial court prematurely entered plaintiff's order believing they had until August 7, 2024 to send a proposed order to the court. On August 6, 2024, defendants in a letter to the court requested the court enter their proposed order. However, the court declined.

A-0077-24

to plaintiff.  On September 10, 2024, we granted leave to appeal and a stay pending appeal.

On October 28, 2024, we denied plaintiff's motion to supplement the record on appeal.

Defendants appeal the trial court's August 6, 2024 order denying their motion to compel the return of allegedly attorney-client privileged email communications, motion to disqualify plaintiff's counsel, and motion for a stay pending resolution of the issues.

II.

Because the trial court failed to place findings of fact and conclusions of law on the record as required by Rule 1:7-4, we reverse.

Rule 1:7-4(a) states:

> Required Findings.  The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right, and also as required by R. 3:29.  The court shall thereupon enter or direct the entry of the appropriate judgment.

Our capacity to resolve appeals is a direct function of the trial court's adherence to its obligation to clearly state findings of fact and conclusions of law pursuant to Rule 1:7-4(a).  The rule requires a trial court to "'state clearly

7

[its] factual findings and correlate them with the relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "[N]either the parties nor we are well-served by an opinion devoid of analysis or citation to even a single case." Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000).

The trial court overlooked the requirements of Rule 1:7-4. Although the court held an off-the-record conference with counsel, the conference was not followed by an on-the-record statement of factual findings and conclusions of law. This oversight leaves us unable to conduct meaningful review.

Consequently, we vacate the August 6, 2024 order and remand this matter to the trial court for proceedings consistent with this opinion. The court may, in its sound discretion, place its reasons on the record without more, or it may, after conducting a case management conference and issuing an appropriate order, conduct a more fulsome hearing on defendants' motion to compel the

return of attorney-client privileged email communications, disqualify plaintiff's counsel, and stay the proceedings. In any event, the court shall decide the motion, issue an order, and make specific findings of fact and conclusions of law in an oral or written opinion supporting its order pursuant to Rule 1:7-4(a) within 30 days. We express no opinion as to the outcome of the proceedings on remand.

We lift the September 10, 2024 stay.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division