# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1205-23

J.M.,[1]

    Plaintiff,

v.

S.M.,

    Defendant-Appellant,

and

J.R.H.,

    Defendant-Respondent.

Argued August 27, 2024 – Decided September 4, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FD-09-1335-22.

---

[1] We use initials to protect the confidentiality of the child. R. 1:38-3(d)(13).

Andrew J. Rothman argued the cause for appellant (Rutgers Law Associates, attorneys; Andrew J. Rothman, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant S.M. appeals from the trial court's November 17, 2023 order finding New Jersey no longer has jurisdiction over this child custody matter. Based on our review of the record and the applicable legal principles, we vacate and remand because the trial court did not provide adequate reasons for its decision as required under Rule 1:7-4(a).

I.

S.M. is the biological mother of J.H.[2] J.M. is the maternal grandmother. On May 20, 2022, the court awarded J.M. sole custody of J.H. (then three-and-one-half years old) with the consent of S.M. The order provided, "[b]oth parties consent that the child may be removed from the [S]tate of New Jersey to North Carolina. Any modifications of custody [shall] be on notice to the [New Jersey Division of Child Protection and Permanency ("Division")]." The order further provided that New Jersey would have "continuing exclusive jurisdiction." S.M.

---

[2] J.H.'s father, J.R.H., declined to participate in this appeal.

agreed to this custody arrangement because she "struggled with substance abuse." She maintains that subsequent to the entry of the May 20, 2022 order, she has been actively engaged in rehabilitation and asserts she has made great strides in maintaining her sobriety.

On October 4, 2023, S.M. learned that her mother, J.M., died on October 3, 2023. On October 5, 2023, S.M. learned that J.H. had been relocated from North Carolina to Michigan to live with S.M.'s aunt and uncle (J.M.'s brother and sister-in-law) without providing notice to S.M., the Division, or the New Jersey court which issued the May 20, 2022 order.

On November 3, 2023, S.M. filed an application along with a request for an order to show cause to compel the return of J.H. to New Jersey and for temporary custody. The application was apparently denied because it did not include a complaint. On November 14, 2023, S.M. filed a third-party complaint seeking to name her aunt and uncle as third-party defendants. The family court clerk evidently advised S.M. the complaint was improper because S.M. was not permitted to "file a third-party complaint under the FD docket." After numerous telephone communications with the court clerk, the matter was subsequently transferred to a judge who entered the November 17, 2023 order indicating "New

3

Jersey no longer has jurisdiction."[3] S.M. maintains she was not given an opportunity to be heard, and her papers were never filed. S.M. subsequently filed an application for permission to file an emergent motion for leave to appeal which was denied. She subsequently filed an appeal that is presently before us.

II.

S.M. argues the trial court erred in terminating jurisdiction in New Jersey—after it had previously entered an order indicating it retained exclusive jurisdiction—without addressing the arguments advanced by S.M. She contends she participated in rehabilitation programs in hopes of regaining custody and immediately brought an application upon learning of her mother's death. She also asserts her son was relocated from North Carolina to Michigan in violation of the May 20, 2022 order. She maintains the court, without the benefit of any factual record or consideration of arguments from counsel, entered an order determining New Jersey no longer had jurisdiction without addressing New Jersey's Uniform Child Custody Jurisdiction and Enforcement Act ("NJUCCJEA"), N.J.S.A. 2A:34-53 to -95, that governs the determination of whether a court has jurisdiction or may properly relinquish jurisdiction. S.M.

_____

[3] This order was issued by a different judge from the one who had entered the May 20, 2022 order.

A-1205-23

contends New Jersey retained exclusive jurisdiction of the child under N.J.S.A. 2A:34-66. Moreover, the current custodians of the child never filed an application in New Jersey to change jurisdiction to another state.

S.M. further argues the court failed to address the three-part analysis for jurisdiction in Griffith v. Tressel, 394 N.J. Super. 128 (App. Div. 2007). She asserts Michigan is not the child's home state, because home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." N.J.S.A. 2A:34-54. S.M. further argues that because of her financial situation, she is unable to travel to Michigan to litigate the custody case filed by her aunt and uncle. She maintains she will have no recourse if the trial court's November 17, 2023 order is not reversed. S.M. notes her mother relocated to Michigan when she became ill without providing notice to the court or the Division as required by the May 20, 2022 order. Her aunt and uncle also failed to provide any notice to the Division.

S.M. contends the trial court did not rely on any competent evidence coupled with the fact there was no argument or hearing to address the jurisdictional issue. Moreover, she asserts there was no "reviewable expression of the reasoning behind the order" issued by the court. S.M. requests that we

reverse the trial court's termination of jurisdiction, protect her procedural due process rights, and provide her an opportunity to be heard on the jurisdiction issue.

## III.

We review the Family Part's determination regarding continuing exclusive jurisdiction or declining jurisdiction in favor of a more appropriate forum for abuse of discretion. Griffith, 394 N.J. Super. at 148. We review a "trial court's interpretation of the law and the legal consequences that flow from established facts" de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and its New Jersey equivalent, NJUCCJEA, are used by New Jersey courts to determine the state with authority to exercise jurisdiction of child custody matters. Griffith, 394 N.J. Super. at 138; N.J.S.A. 2A:34-53 to -95. The NJUCCJEA "should be interpreted so as to avoid jurisdictional competition and conflict." Griffith, 394 N.J. Super. at 138. The first inquiry a court must consider is whether it has jurisdiction on a motion for child custody or whether continuing jurisdiction over custody determinations exist. Id. at 139-40. Pursuant to N.J.S.A 2A:34-58, a child custody determination by a New

Jersey court that had jurisdiction binds all parties. Under N.J.S.A. 2A:34-66(a)(1)-(2), "exclusive, continuing jurisdiction" is retained unless the New Jersey court determines that neither the child nor one of its parents has a "significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships," or the New Jersey court establishes that the child or parent do not presently reside in the state.

Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ." Findings of fact and conclusions of law are also required "on every motion decided by [a] written order[] . . . appealable as of right." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)). Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid.

Here, the court did not adequately set forth a basis for its ruling. The court did not examine whether New Jersey retained exclusive jurisdiction pursuant to

7

the May 20, 2022 order. Only a New Jersey court can decide that it no longer has jurisdiction over child custody issues based on a lack of significant connection and substantial evidence. Griffith, 394 N.J. Super. at 141. The court did not specifically address the jurisdiction question or why it determined New Jersey was divested of its jurisdiction against the backdrop of our decision in Griffith. It also did not address the significance of S.M's aunt and uncle's failure to notify the court regarding J.H. relocating to another state or the Division concerning the modification of the custody arrangement. On remand, the court must first determine whether jurisdiction remained in New Jersey under the NJUCCJEA. Once the jurisdictional element is addressed, the court may proceed to address the issue of custody, if warranted.

We therefore conclude the court misapplied its discretion in finding New Jersey no longer had jurisdiction, and we are constrained to vacate the November 17, 2023 order. We remand for further proceedings to provide S.M. an opportunity to be heard on the jurisdictional issue and direct the court to provide findings of fact and conclusions of law in support of its order. Our decision remanding this matter shall not be construed as an expression of an opinion on the merits of S.M.'s jurisdictional arguments.

A-1205-23

Vacated and remanded for proceedings in accordance with this opinion.

We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1205-23