**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1134-23

BRIAN J. DIEHL,

    Plaintiff-Respondent,

v.

KIM M. FRIEDLANDER,

    Defendant-Appellant.

_____

        Submitted November 13, 2024 – Decided November 25, 2024

        Before Judges Chase and Vanek.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FD-14-0163-18.

        Heymann & Fletcher, attorneys for appellant (Alix Claps, on the brief).

        Brian J. Diehl, respondent pro se.

PER CURIAM

      Defendant Kim Friedlander appeals from a November 1, 2023 Family Part order, granting in part and denying in part, her motion for child support related

expenses from plaintiff Brian Diehl. We vacate and remand for further proceedings.

I.

Plaintiff and defendant are the parents of two children, a ten-year-old and a seven-year- old. The parties were never married, and their relationship ended not long after the birth of the second child. Pursuant to a July 2018 order, weekly child support was set at $94, payable from defendant to plaintiff, with the parties' proportional net income indicated at 76% and 24%, respectively.

Defendant filed an application with the trial court in July 2023 seeking reimbursement for numerous out-of-pocket expenses utilizing the proportions of the parties' net incomes set forth in the 2018 order. Defendant claimed she made requests for reimbursement from plaintiff for certain non-guidelines expenses for the children on many occasions but did not receive payment. The parties do not contest that they have a 50/50 parenting time schedule; the children have certain non-reimbursed medical bills; the children participate in extra-curricular activities; and that the children attended preschool as work-related childcare when they were younger.

A hearing was set for October 17, 2023. Either the day before or two days before, plaintiff filed opposition papers. The parties appeared for court and oral

argument ensued. Defendant claimed she was owed $8,204.58 for reimbursement of plaintiff's proportionate share of childcare expenses. Plaintiff subsequently argued that based on his submissions he was owed $3,459.65. Most of the argument centered around a question raised concerning funds that were paid by on behalf of plaintiff, by a subsidy, from the Counsel on Family Relations ("CFR"). Plaintiff argued he was entitled to full credit for that amount because it was based on his income level. Defendant argued that her claim was only for out-of-pocket expenses, which should not include money that was paid by a third-party. Moreover, defendant posited that if plaintiff was given a credit, then it should adjust what he owed in child support. Because of the timing of the opposition, the trial court provided defendant the opportunity to file a reply after argument, which she did.

The trial court subsequently entered an order on November 1, 2023 which stated:

> Parties appeared via zoom on October 17, 2023. Plaintiff was pro se, and defendant was represented by Ms. Claps. The parties subsequently submitted letters to the court. Having reviewed the submissions and heard the testimony and representations and for good cause: Plaintiff shall reimburse Defendant for the following: $1644 for orthodontist; $53.95 for the dermatologist; $325 for the dentist. Plaintiff has previously paid for the therapist and swimming costs, and received a subsidy for childcare, therefore the

3 <span>A-1134-23</span>

request for reimbursement for those items is denied.
Any other relief not addressed above is denied without
prejudice.

This appeal follows.

II.

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "We do 'not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (alterations in original) (quoting Pascale v. Pascale, 113 N.J. 20, 33 (1988)).

Defendant argues that the trial court erred by failing to order plaintiff to pay his proportional share of the out-of-pocket work-related childcare costs for the parties' two children. Moreover, defendant posits that because there was no statement of reasons, either in writing or on the record, it is impossible to know if the court made a legal error or factual error regarding what was calculated for childcare expenses and credits. Defendant also contends that if he was entitled

to full credit for CFR payments, then his net income for child support should have been imputed with that amount.

It is fundamental that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." R. 1:7-4(a); see also Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); Ronan v. Adely, 182 N.J. 103, 110 (2004) (finding the record in a child name change dispute "deficient to make a meaningful review" because "the trial court received no testimony from either of the parties and made no findings of fact"). "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis, 83 N.J. at 570.

We appreciate the motion judge's efforts to actively manage a difficult dispute without the necessity of successive, and undoubtedly costly, motion practice. We do not pass judgment on the merits of the parties' claims or defenses but identify them solely to illustrate that by failing to provide any reasons for its decision, we, along with the litigants, "are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). See also Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super.

298, 302 (App. Div. 2018) (noting that Rule 1:7-4's "requirements are unambiguous").

On remand, the court shall "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). See also R. 1:7-4.

For these reasons, we are constrained to vacate and remand the matter for the judge to render findings of fact and conclusions of law.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1134-23