**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2205-23

AVA SATZ,

    Plaintiff-Respondent,

v.

ALLEN SATZ,

    Defendant-Appellant.

_____

Submitted March 18, 2025 – Decided July 9, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Family Part, Bergen County, Docket No. FM-02-2630-18.

Allen Satz, appellant pro se.

Truehaft & Zakarin, LLP, attorneys for respondent (Miriam Zakarin, of counsel and on the brief; Ira Truehaft, on the brief).

PER CURIAM

In this post-matrimonial litigation, defendant Allen Satz appeals portions of a March 8, 2024 Family Part order entered in favor of plaintiff Ava Satz. Specifically, defendant appeals orders: denying his request to have plaintiff stop using a religious organization; requiring him to reimburse plaintiff educational costs; ordering him to pay a $91,500 sanction for violating the beis din[1] arbitration ruling; ordering joint decision-making power over a child's educational needs; and granting partial payment of plaintiff's counsel fees.

The parties have been engaged in matrimonial litigation since 2018, and this is the second time we have heard this matter on appeal. After carefully reviewing the record in light of the parties' arguments, we affirm.

I.

We presume the parties are familiar with the pertinent facts and procedural history leading to this appeal, which are recounted in our prior published opinion. See Satz v. Satz, 476 N.J. Super. 536 (App. Div. 2023), certif. denied, 256 N.J. 352 (2024). We held the trial court did not abuse its discretion by enforcing the Marital Settlement Agreement (MSA) and requiring defendant to

_____

[1] A beis din is a Jewish rabbinical court that specializes in resolving marital issues according to Jewish law. It oversees matters such as divorce (a get), marital disputes, and related familial issues.

A-2205-23

sign an arbitration agreement and comply with the <u>beis din</u>. <u>Id.</u> at 536, 543 n.2, 548. We explained:

> Importantly, the MSA provision specifically states that "[b]oth parties shall timely participate in the [b]eis [d]in proceeding" and "[t]he parties agree that their submission to the [b]eis [d]in shall constitute an agreement to be bound by the [b]eis [d]in [d]ecision on any issue the [b]eis [d]in addresses." The clear import of the plain language of the MSA is that defendant agreed to submit to the jurisdiction of the <u>beis din</u> and to accept its judgment.
>
> [<u>Id.</u> at 552.]

We also rejected defendant's argument that the trial court abused its discretion by awarding counsel fees to plaintiff based on his noncompliance with the MSA. <u>Id.</u> at 554-55.

Defendant has since filed an order to show cause with various requests including to stay the <u>beis din</u>'s arbitration ruling. Defendant challenges the arbitrator's authority, claims defamation, and asserts the <u>beis din</u>'s rules and procedures were violated.

On January 17, 2024, the trial court rejected defendant's claims and denied his order to show cause and granted plaintiff's motion to dismiss accompanied by a rider. Regarding defendant's contention the arbitrator lacked authority to issue sanctions, the trial court cited the MSA which states that "[n]othing in the

3

above limits the remedies monetary relief." The court emphasized that both parties had agreed to the rules and procedures of the Vaad,[2] which allow for coercive measures to ensure compliance with decisions related to giving or accepting a get. The court further noted that "it is apparent that the MSA contemplated more than monetary relief."

The trial court also found that, in addition to filing his defamation claim past the statute of limitations, defendant failed to satisfy the four elements required for defamation, particularly the requirement that the statement be false. The trial court also found that defendant's motion to vacate the arbitration, brought eleven months after the arbitration decision, exceeded the 120-day statute of limitation.

Defendant thereafter filed a motion seeking the trial court's intervention concerning events that allegedly occurred after the beis din's rulings. Defendant argued the arbitration award either should be vacated or the court should find that defendant's obligations have been satisfied. Plaintiff also filed a certification seeking counsel fees. A hearing was held on March 8, 2024.

The trial court issued an oral decision and order, denying defendant's requests. The court held that defendant was trying to re-litigate issues that had

---

[2] Vaad refers to the religious council that oversaw the parties' arbitration.

 A-2205-23

already been adjudicated and was and still refusing to comply with the arbitration.

This appeal followed. To summarize the multiple issues defendant raises on appeal, we reproduce the point headings from his appeal brief:

POINT I

THE TRIAL COURT HAD NO RIGHT TO SANCTION [DEFENDANT] FOR NOT GIVING [PLAINTIFF] HER 'GET.'

POINT II

THE TRIAL COURT ERRED BY NOT ORDERING [PLAINTIFF] TO IMMEDIATELY STOP ALL ACTIONS OF [ORGANIZATION OF RESOLUTION FOR AGUNOT (ORA)] AND THE [RABBINICAL COUNCIL OF BERGEN COUNTY (RCBC)].

POINT III

THE [TRIAL] COURT ERRED IN ORDERING [DEFENDANT] TO REIMBURSE [PLAINTIFF] THE TUITION FOR SAR, SINAI, AND WATERBURY.

POINT IV

THE [TRIAL] COURT HAD NO AUTHORITY TO REVISE DECISION MAKING FOR EDUCATION ON [JOHN].[3]

---

[3] We use a pseudonym to protect the parties' child. See R. 1:38-3(d).

POINT V

THE [TRIAL] COURT ERRED IN AWARDING [PLAINTIFF] LEGAL FEES AS THE [TRIAL COURT] ERRED IN CLAIMING THIS WAS BROUGHT UP BEFORE IN COURT.

Defendant raises the following additional arguments in his reply brief:

POINT I

[PLAINTIFF] DOES NOT REFUTE ANY OF [DEFENDANT'S] ARGUMENTS ON WHY SANCTIONING [DEFENDANT] FOR NOT GIVING THE 'GET' WAS WRONG AND WHY [PLAINTIFF] SHOULD BE ORDERED IMMEDIATELY TO STOP ALL ACTIONS OF ORA AND THE RCBC.

POINT II

[PLAINTIFF] DOES NOT REFUTE THE CLAIMS MADE FOR WHY THE TUITION REIMBURSEMENT AND JOINT DEC[I]SION MAKING FOR [JOHN]'S EDUCATION REASONS ARE FLAWED.

POINT III

THE AWARDING OF LEGAL FEES.

II.

We affirm substantially for the reasons set forth by the trial judge. We add the following comments.

The scope of this court's review is narrow. Cesare v. Cesare, 154 N.J. 394, 412 (1998). Reviewing courts "accord particular deference to the Family

6

Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 412). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Courts will not disturb the factual findings and legal conclusions that flow from them unless convinced they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)).

Our prior decision applied the general principles of settlement agreements and affirmed the trial court's determination that defendant voluntarily entered into a binding MSA. See Satz, 476 N.J. Super. at 549-51 (noting that "[b]efore any settlement agreement will be vacated, the moving party must demonstrate proof of fraud or other compelling circumstances by 'clear and convincing evidence'" (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)), that agreements are governed by basic contract principles, and that "if an MSA was wholly

unconscionable when made, the agreement may be set aside" (citing Guglielmo

v. Guglielmo, 253 N.J. Super. 531, 541 (App. Div. 1992))).

We ruled conclusively with regard to the MSA's enforceability and

defendant's valid consent to follow the beis din's rulings. See Satz, 476 N.J.

Super. at 552-53 (holding that "[d]efendant agreed in the MSA to abide by the

beis din ruling, whatever that might be" and "[i]n enforcing that agreement, the

trial court in no way interpreted religious doctrine" as the orders "scrupulously

avoid entanglement with religion because the trial court applied well-established

principles of civil contract law . . . . The latter body of law remained solely

within the province of the beis din . . . .").

We now reaffirm that under basic principles of contract law, the MSA

gave the beis din the ability to sanction defendant monetarily. The beis din

rulings also provided that its monetary sanctions may be confirmed in a court of

law. Contrary to defendant's claim, no religious interpretation was required to

do so. And as the trial court aptly noted, these issues have been litigated.

We add the following with respect to the award of counsel fees. The trial

court first determined its authority to issue counsel fees, explaining:

> The [c]ourt has had the opportunity to review . . . the
> certification in which [plaintiff] is seeking counsel fees
> regarding the motion that was filed. She then took it
> upon herself to file her own cross motion.

So the [c]ourt has the authority it notes to award counsel fees in [f]amily actions pursuant to Rule 4:42-9a(1), N.J.S.A. 2A:34-23 and Rule 5:3-5, . . . it's very discretionary . . . citing S[alch] v. S[alch], 240 N.J. Super. 441, 443 (App. Div. 1990).

An application for costs of counsel fees . . . must be supported by a certification and affidavit, which I did receive from counsel.

Further, the trial court supported its order of $2,500 in (partial) counsel

fees to plaintiff by explaining that:

[I]n making the determination to award counsel fees the [c]ourt . . . considers . . . the [twenty] factors of Rule 4:42-9, as well as . . . Rule 5:3-5c, which includes the following: plaintiff's financial circumstances, which are clearly unknown to the [c]ourt at this time.

[Defendant] provided business records indicating . . . his gross income was $68,047. . . . [T]he [c]ourt also considers . . . plaintiff's ability to cover her own . . . fees. Again, no financials were . . . submitted by the plaintiff and the [c]ourt notes that [defendant] did appear as a pro se litigant . . . for I think quite a bit of time. He did have prior counsel . . . a few years ago.

So part of the [c]ourt's concern . . . is the fact that he filed a motion which basically was unnecessary as it relates to enforcement of the religious law doctrine argument, as well as . . . enforcement of the arbitration clause.

That had already been decided by the [c]ourt and affirmed . . . . [H]e's also seeking relief that had already

9

been litigated in . . . the court in domestic violence . . . with the same types of arguments regarding being harassed and it had . . . been litigated before Judge Medina. . . . regarding the decision of the [be]is [d]in, regarding the get and then the . . . subsequent fallout as a result of his failure . . . to give [plaintiff] the get. . . . those arguments were the bulk of his arguments the [c]ourt notes and totally unnecessary, quite frankly, because those issues had been ruled upon on more than one occasion . . . .

. . . .

[T]he [c]ourt also notes that the fees that were incurred by [plaintiff] were $5,095 in legal fees. . . . [H]owever, the [c]ourt also notes that her cross motion, part of it was totally unnecessary because a lot of the relief that she was seeking had already been previously awarded by the [c]ourt . . . .

. . . [A]dditionally, . . . [defendant] had other issues that were brought up to the [c]ourt's attention . . . That was not necessary to include . . . the bulk of his motion was really his frustration with the community and [plaintiff] . . . and his perceived persecution as a result of the decisions made by the . . . rabbinical court . . . ordering him to give her the get.

The trial court concluded by adding that:

I . . . also note that the [c]ourt did award counsel fees in the past based on [defendant's] failure to abide by some of the provisions . . . of the MSA . . . .

It's clear to the [c]ourt that [defendant] does not always communicate . . . on [o]ur Family Wizard,

10

which was previously court ordered, as well, and as a result of the lack of communication creates a lot more uncertainty and friction.

Appellate courts "will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008)). An allowance for counsel fees is permitted following the filing of a motion in aid of litigant's rights, R. 1:10-3, or to any party in a divorce action, R. 5:3-5(c), subject to the provisions of Rule 4:42-9.

We do not hesitate to conclude that the trial court properly required defendant to pay partial counsel fees. The MSA explains when counsel fees and costs may be imposed upon breach of the agreement. Article VII, paragraph five of the MSA provides:

> In the event that either [party] is required to file an application with the [c]ourt to enforce any provision in this [a]greement, the breaching party shall indemnify the non-breaching party for all reasonable counsel fees and costs that the nonbreaching party incurred and the [c]ourt shall enforce this paragraph to enter an award of reasonable counsel fees and costs. In addition, if a default by one party subjects the other party to a lawsuit by a third party, the defaulting party shall likewise be responsible for attorneys' fees and costs.

11

Furthermore, the record shows the trial court reviewed the certification of services with respect to all applicable factors, see R. 5:3-5(c), and determined that defendant had the financial ability to pay plaintiff's attorney fees. It limited the fees accordingly to a sum of $2,500. The trial court's decision based on multiple facts, including defendant's arguments that it found to be frivolous and already ruled on more than once as well as his failure to use the court-ordered communication tools which resulted in "lack of communication," "uncertainty," and friction between the parties.

We note that we issued our prior opinion in 2023. The record shows that defendant has still not complied with the MSA despite the beis din's clear demand he give plaintiff the get.

To the extent we have not specifically addressed any of defendant's contentions it is because either our prior decision makes it unnecessary to do so, or because those contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2205-23