**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1715-23

CARMELA M. CAPONE,

    Plaintiff-Respondent,

v.

ZORAN FOTAK,

    Defendant-Appellant.

_____

Argued June 4, 2025 – Decided August 12, 2025

Before Judges Marczyk, Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FD-09-1401-20.

Zoran Fotak, appellant, argued the cause pro se.

Kenneth J. Lindenfelser, Assistant Chief Counsel, argued the cause for respondent (Hudson County Department of Family Services, attorney; Kenneth J. Lindenfelser, on the brief).

PER CURIAM

Defendant Zoran Fotak appeals from the December 19, 2023 Family Part order granting plaintiff Carmela M. Capone's application to register a support order issued in Ontario, Canada pursuant to the Uniform Interstate Family Support Act (UIFSA), N.J.S.A. 2A:4-30.124 to -30.201, and dismissing defendant's objections to the registration of that order.  Defendant contends the trial court erroneously allowed registration of the support order under Article 6 of the UIFSA, rather than Article 7 of the UIFSA, which provides additional registration requirements beyond those in Article 6 and applies exclusively to support orders entered by signatories to the Hague Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (Hague Support Convention).[1]  Because we conclude the court failed to adequately determine whether the order was subject to the Hague Support Convention or consider defendant's objections to registration of the order, we vacate the December 2023 order and remand for further proceedings in accordance with this opinion.

---

[1]  Article 6 sets forth the procedural requirements for registering support orders for enforcement in countries that are not signatories to the Hague Support Convention.  See N.J.S.A. 2A:4-30.168 to -30.183.  Article 7 applies to signatories of the Hague Support Convention and supersedes inconsistent provisions in Articles 6.  See N.J.S.A. 2A:4-30.185.

We briefly summarize the relevant history pertinent to this appeal. The parties were married on September 10, 1988, separated in 2008, and divorced in 2016. They share two children, born in 1994 and 1996, who reside in Toronto, Ontario, with plaintiff, a Canadian citizen. Defendant, a dual citizen of Croatia and Canada, moved to New York City in 2001 and has apparently resided in Bermuda since January 2014, although he represents he undergoes medical treatment regularly in New York, requiring him to "stay" in Jersey City.

Canada Litigation

Plaintiff filed for divorce in the Ontario Superior Court of Justice, Family Court Branch (Ontario Superior Court) in April 2013, which was granted on January 25, 2016. The "Divorce Order" granted the parties joint custody of their minor child and ordered defendant to pay child support in specific amounts by certain dates and based on varied income calculations. Similarly, the court ordered spousal support, "indexed annually in accordance with the cost of living." Retroactive child and spousal support and arrears were set at "$2,574,453.88 . . . [from] September 10, 2008 to December 31, 2015."

Between April 2013 and January 2016, the Ontario Superior Court issued ten orders pertaining to the matrimonial matter. In November 2019, defendant

3

challenged the orders by way of a motion to "set aside or quash" all prior orders for "lack of jurisdiction and/or lack of authority and/or failure to properly serve . . . [defendant] and/or that the [o]rders were made without notice."

On December 10, 2021, the Ontario Superior Court "dismissed [defendant]'s argument that the court lacked jurisdiction." It further "decline[d] to exercise [its] discretion to grant [a] stay," finding that although defendant "was living in New York" at the time the proceedings commenced in 2013, he was subject to the Ontario court's jurisdiction because: (1) the Hague Service Convention applied to the 2013 proceedings, and (2) defendant "was properly served under . . . the Convention and therefore the [Ontario Superior] Court had jurisdiction to make the orders." On May 19, 2022, the Ontario Court of Appeals affirmed the Superior Court's order, finding "no error," and determined that defendant submitted to jurisdiction by participating in the litigation. The Supreme Court of Canada denied defendant leave to appeal on March 16, 2023.

New Jersey Trial Court Proceedings

On March 19, 2020, a representative from the "Client Services Branch" of the Ministry of Children, Community and Social Services, Interjurisdictional Support Orders Unit, filed with the Interstate Central Registry a "registration statement" seeking to register the Ontario support order in New Jersey under the

4 A-1715-23

UIFSA. The "UIFSA Registration Agent" in Hudson County Superior Court served defendant with a "Notice of Registration of Foreign Support Order [(FSO)]" pursuant to Article 6 of the UIFSA, advising that plaintiff "registered a support order . . . from another State or country in the State of New Jersey," and indicated that plaintiff requested the support order "be registered for . . . [e]nforcement [o]nly."

On July 1, 2020, defendant filed in the Family Part, an "application to vacate/objection/contest" the registration of the Ontario support order and a subsequent brief entitled "motion to dismiss . . . seeking an order of perjury and civil fraud with an award of damages and costs."

Defendant certified that none of the parties resided in New Jersey, and therefore, New Jersey did not have personal jurisdiction over him to enforce the Ontario support order. He further asserted that he was not "waiv[ing] [his] defense of New Jersey's lack of personal jurisdiction; however, [he was] not submitting to personal jurisdiction and [was] submitting this [o]bjection for the limited and sole purpose of preserving [his] rights and not waiving any objections with respect to the registration process of the [Ontario support order]." Defendant further argued that the issuing tribunal, Ontario, also lacked personal jurisdiction over him.

A-1715-23

Defendant argued the support order plaintiff sought to enforce was a Hague Support Convention order subject to Article 7 of the UIFSA and requested "a hearing to contest the validity and/or enforcement of the" Ontario support order.

Defendant challenged New Jersey's personal jurisdiction and raised numerous "due process defenses" under Article 7 of the UIFSA, alleging: (1) the order was obtained by fraud; (2) the arrears were "paid in whole as evidenced by . . . [plaintiff]'s own sworn admissions"; (3) defendant was not present at the hearing in which the Ontario Superior Court issued the final January 25, 2016 divorce order and had no notice of the proceeding; and (4) enforcement of the Ontario support order was "manifestly incompatible with public policy" because plaintiff "lied about support for the past eight years."

On December 19, 2023, the parties appeared in the Family Part for oral argument and relied entirely on their written submissions. The trial court rendered an oral decision, dismissing defendant's objections and granting plaintiff's registration of the Ontario support order pursuant to Article 6 of the UIFSA. The court stated that "[u]nder the UIFSA statute, a support order anchored in another jurisdiction is entitled to be registered in New Jersey under [Article 6] unless the objector, in this case [defendant], proves one of eight bases

for not registering the order." The court never addressed defendant's argument that Article 7 applied. It stated only that "[t]he Hague Convention . . . ha[d] no application to the service of a New Jersey court proceeding on a New Jersey resident, . . . [as] service of the notice of registration by certified mail under New Jersey law is adequate."

With respect to defendant's asserted defenses, the court gave preclusive effect to the prior litigation in Canada, finding "[m]ost of the issues . . . ha[d] been addressed by the courts in Canada, all the way up to the Supreme Court of Canada, which denied leave to appeal from the decision of a Court of Appeal." The trial court then concluded that "nothing in [defendant]'s submissions demonstrate[s] any of the eight bases for precluding registration." It did not hear argument, take testimony, reference any evidence, or cite any legal authority or factual findings in support of its conclusion.

The court rejected defendant's claim that New Jersey does not have personal jurisdiction over defendant, determining that "the entire record is to the contrary," finding he "has been in New Jersey now for a number of years[ and] has used New Jersey as his address on all of his submissions to the [c]ourt in connection with this case." The court did not address defendant's argument that

7

the Ontario court did not have jurisdiction over defendant when it issued the Ontario support order.

II.

Defendant raises numerous arguments on appeal. Essentially, he claims the court: (1) incorrectly applied Article 6 instead of Article 7 of the UIFSA; (2) misinterpreted defendant's challenge to Ontario's exercising personal jurisdiction over him, instead addressing only whether he was subject to personal jurisdiction in New Jersey; and (3) failed to address any of defendant's objections to the registration of the support order.

"[W]e accord great deference to discretionary decisions of Family Part judges." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). This is due to "the family courts' special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990); see also R. 1:7-4(a).

A-1715-23

Because we cannot discern the basis for the court's threshold determination as to whether or why Article 6 or Article 7 of UIFSA applied—namely whether this order was subject to the Hague Support Convention—and because the court failed to adequately address the defenses raised by defendant, appearing to find those claims estopped by the reviews already conducted by the Canadian courts, we are constrained to vacate the court's order and remand for further proceedings.

On remand, the court should first determine whether Article 6 or 7 of the UIFSA applies and explain its reasons; this is not a distinction without a difference. As it applies to non-Hague Support Convention orders, Article 6 provides the procedure for registering an out-of-state order, and N.J.S.A. 2A:4-30.172 outlines the procedure to notify the other party of this request. N.J.S.A. 2A:4-30.173 permits the non-registering party to contest the validity or enforcement of a registered support order, and N.J.S.A. 2A:4-30.174 sets forth the burden of proof and eight defenses for contesting the order.

Article 7 sets forth additional proofs required to support registration, N.J.S.A. 2A:4-30.189, and, importantly, N.J.S.A. 2A:4-30.190 provides that a party may contest the registration of the order but the reviewing court "(1) is bound by the findings of fact on which the foreign tribunal based its jurisdiction;

and (2) may not review the merits of the order."  N.J.S.A. 2A:4-30.190(e).

N.J.S.A. 2A:4-30.191(b) sets forth ten grounds which "are the only grounds on

which a tribunal of this State may refuse recognition and enforcement of a

registered Convention support order."  These grounds are similar, but not

identical, to the eight defenses to dispute registration under Article 6.  See

N.J.S.A. 2A:4-30.174(a).

To determine the controlling UIFSA article, the court must first determine

the applicability of the Hague Support Convention to the support order plaintiff

seeks to register.  The parties disputed at oral argument the date Canada became

a signatory to the Hague Support Convention.

We note that while the Hague Support Convention was signed in 2007, it

did not "enter[] into force" until 2013 and the United States did not ratify it until

2016.  See Status Table, Hague Conf. on Priv. Int'l L. (HCCH),

https://www.hcch.net/en/instruments/conventions/status-table/?cid=131  (June

30, 2025).  However, Canada ratified the Hague Support Convention on October

27, 2023, which became effective in Canada and Ontario on February 1, 2024,

while this appeal was pending.  See Hague Convention on the International

Recovery of Child Support and Other Forms of Family Maintenance art. 60(1),

Nov. 23, 2007, S. Treaty Doc. No. 110-21, 2955 U.N.T.S. 81.  ("The Convention

shall enter into force on the first day of the month following the expiration of three months after the deposit of the second instrument of ratification, acceptance or approval referred to in Article 58."). Thus, any retroactivity considerations should also be addressed on remand in light of the timeline of relevant events.[2]

Once the court determines the correct UIFSA framework, it must then consider defendant's objections, providing reasons for its decision.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

---

[2] Specifically, the court will have to determine to what extent the Hague Support Convention is applicable, given that the original support order, the application for registration, and the objection, all pre-date when the Convention went into effect.