**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1759-24

WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL
SERVICES,

     Plaintiff-Respondent,

v.

LATEESHA N. FELDER,

     Defendant-Appellant.

_____

Submitted October 8, 2025 – Decided October 29, 2025

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-004945-24.

Legal Services of Northwest Jersey Inc., attorneys for appellant (Richard A. Mastro, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant Lateesha N. Felder appeals from an amended order granting the summary judgment motion of plaintiff Westlake Services, LLC d/b/a/ Westlake Financial Services (Westlake). Because the trial court did not consider the entire record and did not comply with Rule 1:7-4, we vacate and remand for further proceedings.

I.

We glean the following facts from the record when viewed in the light most favorable to Felder, as the non-moving party. Templo Fuente De Vida Corp., v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

On March 29, 2022, Felder purchased a 2007 Saturn Aura from Carco Auto World. After making a $1,200 down payment, Felder financed the remaining balance through a retail installment agreement with Westlake (the agreement). The parties, however, neither provided the agreement to the trial court nor to us on appeal. Felder made payments to Westlake in accordance with the agreement until February 3, 2023.

Felder voluntarily surrendered the vehicle due to continuing mechanical problems. Westlake then resold the vehicle at auction and credited the proceeds of $1,125.00 to Felder's account on May 2, 2023. After wiring Felder that sum, Westlake "charged off" the account on June 30, 2023.

On August 14, 2024, Westlake filed a complaint against Felder seeking a judgment for the $5,674.90 account balance, plus the costs of filing suit. Westlake asserted Felder had breached the agreement by failing to make the required periodic payments. Felder filed an answer, asserting several affirmative defenses, including that the agreement was a secured transaction governed by Article 9 of the Uniform Commercial Code, N.J.S.A. 12A:9-101 to -809 (Article 9). Felder contested the procedure Westlake had followed to dispose of the vehicle under Article 9, along with Westlake's ability to seek a deficiency judgment against her.

Westlake moved for summary judgment, asserting Felder breached the agreement as a matter of law by failing to remit the required payments. Westlake submitted a statement of undisputed material facts pursuant to Rule 4:46-2(a) and an affidavit from a Westlake Consumer Litigation Legal Assistant in support of the requested judgment.

Felder submitted a certification opposing Westlake's motion and cross-moved to dismiss Westlake's complaint without prejudice for failure to respond to her requests for discovery. Felder also filed a brief opposing Westlake's motion and supporting her cross-motion, arguing summary judgment should be denied because Westlake had neither responded to discovery requests nor

A-1759-24

established the disposition of the vehicle was commercially reasonable under Article 9.

Felder stated in her certification that she had surrendered the vehicle to Westlake in February 2023 after it had continuing mechanical problems and efforts to obtain a remedy from the car dealer were fruitless. Felder claimed Westlake had not provided her with notice of the proposed vehicle sale as required under Article 9. Felder withdrew her cross-motion to dismiss the complaint for failure to provide discovery before the motion return date.

Initially, the trial judge denied Westlake's motion for summary judgment without prejudice in a January 6, 2025 order with an accompanying statement of reasons, finding outstanding discovery warranted denial. On the same day, the judge entered an amended order, which vacated the prior order and granted summary judgment to Westlake. In the statement of reasons appended to the amended order, the judge stated Felder "withdrew [her] cross-motion on December 23, 2024[, and] posed no other basis to oppose[] [Westlake's] summary judgment [motion] other than the discovery issue." The judge granted Westlake's motion, finding Westlake had complied with the requirements of Rule 6:6-3(a) and "[Felder] did not present any evidence to dispute ownership of the account or the amount due. Additionally, [Felder] did not present any evidence in support of [her] affirmative defenses."

4

This appeal followed. Felder argues on appeal the judge erred by failing to consider her opposition, in which she asserted Article 9 applied to the agreement and raised material facts as to the vehicle's condition and whether disposition of the vehicle was "commercially reasonable."

II.

Our review of a summary judgment order is de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 77 (2022). Under Rule 4:46-2(c), summary judgment is warranted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." The primary inquiry is whether the evidence, viewed in the light most favorable to the non-moving party, "[is] sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

A court should grant summary judgment when "the evidence 'is so one-sided that [the moving] party must prevail as a matter of law.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 257 (2018)). Our function "is not 'to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial,'" Rios, 247 N.J. at 13 (quoting Brill, 142 N.J. at 540), while giving the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Est. of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)).

Our review owes no special deference to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire. Ins. Co., 234 N.J. 459, 472 (2018) (citing Templo Fuente De Vida Corp., 224 N.J. at 199).

### III.

Our de novo review compels us to vacate the trial court's amended order granting Westlake's summary judgment motion and to remand for the judge to make further findings of fact and conclusions of law pursuant to Rule 1:7-4.

Our ability to resolve an appeal is largely dependent on the trial court's compliance with Rule 1:7-4, which states, in pertinent part, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right." To allow us to substantively address the issues on appeal, a trial court's legal conclusions must be tethered to the underlying facts. See Heinl v. Heinl, 287 N.J. Super. 337, 347

(App. Div. 1996); Curtis v. Finneran, 83 N.J. 563, 570 (1980) ("Naked conclusions do not satisfy the purpose of [Rule] 1:7-4."). Without a statement of reasons clearly outlining the trial court's findings of fact and conclusions of law, we are "left to conjecture as to what the judge may have had in mind" and we cannot address the merits of the parties' dispute. Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). Rule 1:7-4 is incorporated into the summary judgment standard. R. 4:46-2(c).

We conclude Rule 1:7-4 was not satisfied here because the judge failed to consider the entire record and set forth findings of fact and conclusions of law underpinning the entry of the amended order granting Westlake's summary judgment motion. After Felder submitted a certification and a brief opposing Westlake's motion for summary judgment, the judge mistakenly found Westlake's motion was unopposed. But Felder had withdrawn only her cross-motion, not her opposition to Westlake's motion.

The judge failed to engage in any substantive analysis of Felder's certification, in which she asserts Article 9 governs Westlake's disposition of the vehicle and affects her repayment obligation. Felder asserts she is entitled to statutory damages if the trier of fact finds Westlake failed to comply with Article 9, and the deficiency balance owed to Westlake would be significantly

A-1759-24

reduced pursuant to N.J.S.A. 12A:9-626(3) to (4).[1]  See Sec. Sav. Bank v. Tranchitella, 249 N.J. Super. 234, 239-40 (App. Div. 1991) (stating a secured creditor bears the burden of proving its compliance with Article 9's disposition of collateral requirements).  The judge, however, failed to analyze whether Article 9 governed the agreement and, if applicable, its effect on Westlake's request for judgment against Felder.

On remand, the judge shall consider the entire record, including Felder's certification and the portions of her brief opposing Westlake's summary judgment motion, before deciding the motion anew.  The judge shall comply

---

[1]  N.J.S.A. 12A:9-626(3) to (4) provides a secured creditor's failure to prove its compliance with Article 9 means:

> (3) . . . the liability of a debtor . . . for a deficiency is limited to an amount by which the sum of the secured obligation, expenses, and attorney's fees exceeds the greater of:
>
> (A) the proceeds of the collection, enforcement, disposition, or acceptance; or
>
> (B) the amount of proceeds that would have been realized had the noncomplying secured party proceeded in accordance with the provisions of this part relating to collection, enforcement, disposition, or acceptance.
>
> (4) For purposes of paragraph (3)(B), the amount of proceeds that would have been realized is equal to the sum of the secured obligation, expenses, and attorney's fees unless the secured party proves that the amount is less than that sum.

with <u>Rule</u> 1:7-4, issuing either a written or oral statement of reasons "stat[ing] clearly [their] factual findings and correlate[ing] them with relevant legal conclusions." <u>Avelino-Catabran v. Catabran</u>, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting <u>Monte v. Monte</u>, 212 N.J. Super. 557, 565 (App. Div. 1986)). We express no opinion on the outcome on remand.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9                                                                           A-1759-24